Mary Lee FREEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–00–01920–CR.

Court of Appeals of Texas,
Dallas.

Feb. 21, 2002.

Robert Cady, Dallas, for Appellant.

Gary A. Udashen, Milner, Goranson, Sorrels, Udashen & Wells, Dallas, for Appellant.

William T. (Bill) Hill, Jr., Larissa T. Roeder, Dallas, for State.

Before Chief Justice THOMAS, and Justices FITZGERALD and BUTTS.[1]

1. The Honorable Shirley W. Butts, Justice, Fourth Court of Appeals, San Antonio, Texas,

## OPINION

BUTTS, Justice.

Mary Lee Freeman appeals her conviction for the offense of driving while intoxicated (DWI). The trial court found appellant guilty and assessed punishment at confinement in jail for ninety days, probated for twenty-four months, and a $500 fine. In two points of error, appellant challenges the legal and factual sufficiency of the evidence to support her conviction. Overruling these arguments, we affirm the trial court's judgment.

Officer Jason Greer of the Highland Park Department of Public Safety testified that on January 22, 2000, about 2:30 a.m., he saw a Ford Explorer with its right front tire against a curb, its motor running, the gear in the "drive" position, and its lights on. Greer tried to rouse the sleeping woman in the driver's seat, but she did not respond. His back-up officer got some bricks from a construction site nearby and placed them under the wheels. The two officers woke appellant, the woman in the driver's seat, and directed her to shift the gear to "park," turn off the motor, and open the door. Greer said he thought at first that appellant's foot was on the brake. He later said it was the curb that impeded the progress of the vehicle.

Greer testified that appellant first talked "gibberish" that was not understandable. When he could understand her after a few minutes, she said she had consumed two margaritas and a beer that night. After conducting some field sobriety tests, Greer placed her under arrest for DWI. He testified that, based on the tests, he "felt she was impaired." Greer repeated the vehicle's engine was idling and the gear was in drive when he found appellant. The prosecutor asked, "So, it was ready to go at the time you found her [appellant] slumped over the console?" and "Is it your opinion, based on what you saw, that the only thing that kept the car from moving forward was the fact that one of the wheels was against the curb?" Greer answered, "That's correct." It was his opinion that the car was ready to function at that time.

Videotapes of appellant at the scene and at the jail were admitted into evidence after the defense stated "[N]o objection to either one." Appellant does not dispute that she was intoxicated in a motor vehicle while in a public place. She challenges the legal and factual sufficiency of the evidence to prove that she, while intoxicated, *drove* or operated the vehicle. However, the legislature has removed the alternative phrase "or driving" from the definition of DWI.[2] Thus, the only issue is whether appellant, while intoxicated, *operated* a motor vehicle.

◼ In reviewing the legal sufficiency of the evidence, the appellate court evaluates the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found beyond a reasonable doubt the essential elements of the offense charged. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This standard "gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.; see also Barton v. State,* 882 S.W.2d 456, 458 (Tex. App.-Dallas 1994, no pet.).

---

Retired, sitting by assignment.

**2.** A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. *See* Tex. Pen.Code Ann. § 49.04(a) (Vernon Supp.2002).

The factual sufficiency review requires the appellate court to view all the evidence related to the sufficiency challenge (in this case, whether appellant operated the vehicle), comparing the weight of the evidence tending to prove appellant's guilt with the evidence tending to disprove it. *See Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App.1997). We may set aside the verdict only if the proof of guilt is so weak as to undermine confidence in the verdict or is greatly outweighed by contrary proof. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App.2000).

While there is no statutory definition of "operate," the plain meaning of the word requires "effort, the doing of something by the operator." *Reddie v. State*, 736 S.W.2d 923, 926 (Tex.App.San Antonio 1987, pet. ref'd).[3] The court held that to prove operation, the evidence must show that the defendant, while intoxicated, "exerted personal effort to cause the vehicle to function." *Id.* at 927. The court in *Denton v. State*, 911 S.W.2d 388 (Tex. Crim.App.1995), held, "To find operation under [the DWI] standard, the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of this vehicle in a manner that would enable the vehicle's use." *Id.* at 390. The *Barton* court rejected the contention that the driver's personal effort must cause the automobile to either move or not move. *Barton*, 882 S.W.2d at 459. Instead, the court looked to the totality of the circumstances to determine if the defendant exerted personal effort upon his vehicle in a manner that shows intentional use of the vehicle for the intended purpose. *See id.* The *Denton* court interpreted the meaning of "drive" and "operate," "[W]hile driving does involve operation, operation does not necessarily involve driving." *See Denton*, 911 S.W.2d at 389.

We examine the totality of the circumstances to determine if appellant exerted personal effort in a manner that shows intentional use of the vehicle for the intended purpose. Viewed in the light most favorable to the verdict, we conclude the circumstantial evidence indicates that appellant, while intoxicated, exerted personal effort upon her vehicle by causing the motor to be running, the lights to be on, and by shifting the gear to drive. Further, as the result of her effort, the vehicle's wheel rested against the curb of a public street. We conclude that the evidence, together with reasonable inferences therefrom, is legally sufficient to show that appellant was operating her vehicle while intoxicated. Point one is overruled.

After viewing all the evidence as required in our factual sufficiency review, we conclude that the proof of guilt is not so obviously weak as to undermine confidence in the verdict and is not greatly outweighed by contrary proof. The evidence is therefore factually sufficient to show that appellant was operating her vehicle while intoxicated. Point two is overruled.

The judgment is affirmed.

---

3. It is significant that *Reddie* was a circumstantial evidence case, and the court at that time relied on the existence of other reasonable hypotheses that could show the defendant was not driving or operating the motor vehicle. *See Reddie v. State*, 736 S.W.2d 923, 926 (Tex.App.-San Antonio 1987, pet. ref'd). The court of criminal appeals later rejected the "reasonable hypothesis" analytical construct as a method of appellate review for evidentiary sufficiency. *See Geesa v. State*, 820 S.W.2d 154, 160 (Tex.Crim.App.1991), *overruled in part on other grounds by Paulson v. State*, 28 S.W.3d 570, 573 (Tex.Crim.App. 2000).