Affirmed and Memorandum Opinion filed October 4, 2005









Affirmed
and Memorandum Opinion filed October 4, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00440-CR

____________

 

BRYANT ETIENNE
MICHEL,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
Judicial District Court

Harris County, Texas

Trial Court Cause No. 969,665

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Bryant Etienne Michel, was
convicted of the felony offense of driving while intoxicated (ADWI@).  See Tex.
Pen. Code Ann. ' 49.04(a) (Vernon 2003), ' 49.09(b)(2)
(Vernon Supp. 2005).  He was found guilty
following a bench trial.  With
enhancements for two prior DWI convictions, the court assessed a probated
sentence of seven years= community supervision and a $500
fine.  In two points of error, appellant
contends the evidence was legally and factually insufficient to sustain his
conviction.  We affirm.








At approximately 3:30 a.m., on November
29, 2003, Officer Tony Tomeo of the Houston Police Department observed a
vehicle blocking a lane of traffic. 
Officer Tomeo approached the vehicle and found appellant asleep at the
wheel with the vehicle=s lights on, the engine running, the
vehicle in gear, and appellant=s foot on the
brake.  Officer Tomeo opened the car door
andCas he leaned
inside the car to place the transmission in park and turn off the engineChe noticed a
strong odor of alcohol on defendant=s breath and
person.  The appellant was
unresponsive.  Officer Tomeo revived the
appellant, helped him from the vehicle, and conducted routine field sobriety
tests.  These tests included the
Horizontal Gaze Nystagmus (AHGN@) test, the
Rhomberg test, and the one-leg stand test. 
All of these tests indicated appellant was intoxicated and, accordingly,
Officer Tomeo arrested appellant for DWI.[1]

Appellant contends on appeal the evidence
was both legally and factually insufficient to sustain his conviction.  More specifically, appellant argues that the
State failed to prove he was operating his vehicle as contemplated by the drunk
driving statute.  To support this
argument, appellant asserts the record is silent as to how long he was in the
vehicle or whether another individual had control over the vehicle prior to his
arrest.








When reviewing the legal sufficiency of
the evidence, we must view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).  This standard of review applies to cases
involving both direct and circumstantial evidence.  King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995).  In conducting this
review, we do not engage in a second evaluation of the weight and credibility
of the evidence, but only ensure that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993).

When reviewing the factual sufficiency of
the evidence, we need answer only one question: Considering all of the evidence
in a neutral light, was the trier of fact rationally justified in finding guilt
beyond a reasonable doubt?  Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  There are two ways in which the evidence may
be insufficient.  Id.  First, evidence supporting the verdict, when
considered by itself, may be too weak to support a finding of guilt beyond a
reasonable doubt.  Id.  Second, there may be evidence both supporting
and contrary to the verdict.  Id.  Weighing all of the evidence at trial, the
contrary evidence may be strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met, and the guilty verdict should not stand.  Id. at 485.








To secure a conviction for DWI, the State
must prove the defendant was intoxicated while operating a motor vehicle in a
public place.  Tex. Pen. Code Ann. ' 49.04(a); Stoutner
v. State, 36 S.W.3d 716, 721 (Tex. App.CHouston [1st
Dist.] 2001, pet. ref=d). 
The term Aoperate@ is not defined by
the Penal Code.  However, the Court of
Criminal Appeals has taken a Atotality of the
circumstances@ approach in deciding whether a defendant
operated his vehicle within the meaning of the Code.  Denton v. State, 911 S.W.2d 388, 390
(Tex. Crim. App. 1995).  More
specifically, the court explained in Denton that where Athe defendant took
action to affect the functioning of his vehicle in a manner that would enable
the vehicle=s use@ he has
sufficiently operated his vehicle.  Id.  In other words, Aoperation does not
necessarily involve driving@ and a DWI
conviction may stand even where the evidence fails to prove the defendant was
actively engaged in driving the vehicle. 
Id. at 389; see also Freeman v. State, 69 S.W.3d 374, 375
(Tex. App.CDallas 2002, no pet.) (holding evidence of
operation legally and factually sufficient where SUV=s motor was
running, gearshift was in the Adrive position,@ lights were on,
right front tire was resting against a public street curb, and the driver was
asleep at the wheel); Barton v. State, 882 S.W.2d 456, 459 (Tex. App.CDallas 1994, no
pet.) (holding evidence sufficient to show sleeping defendant operated vehicle
where defendant was alone, car was in gear, and defendant=s foot was on
brake); Pope v. State, 802 S.W.2d 418, 420 (Tex. App.CAustin 1991, no
pet.) (finding sufficient evidence to sustain DWI conviction where motorist was
found sleeping behind wheel of vehicle sitting in roadway with engine running
and lights on). 

Here, appellant was found asleep inside
his vehicle.  The vehicle was sitting in
a moving lane of traffic with the lights on and the engine running.  More significantly, the vehicle was in gear
and would have been moving if appellant=s foot had not
been on the brake pedal.  Once revived by
Officer Tomeo, three field sobriety tests indicated appellant was
intoxicated.  Considering the totality of
the circumstances in this case, the State sufficiently proved the elements of
the offense beyond a reasonable doubt. 
We hold the evidence is legally sufficient to sustain appellant=s conviction when
viewed in a light most favorable to the verdict, and factually sufficient to
sustain appellant=s conviction when viewed in a neutral
light.  Accordingly, we overrule
appellant=s two points of error.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed October 4, 2005.

Panel
consists of Justices Hudson, Frost, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  At trial, Officer Tomeo testified
that he observed the maximum number of clues on the HGN test and the one-leg-stand test. Furthermore, he explained that
when appellant was asked to estimate 30 seconds for the Rhomberg text,
appellant stopped at 7 secondsCadditional evidence appellant had lost the normal use
of his mental faculties.