COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





WOTSBELI IXQUIAC,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



 §

No. 08-05-00387-CR



Appeal from



County Court at Law No. 1



of El Paso County, Texas



(TC # 20050C04177)






O P I N I O N



 Wotsbeli Ixquiac appeals his conviction of driving while intoxicated. A jury found him
guilty and assessed punishment at confinement in the El Paso County Jail for seventy-two hours.
Finding the evidence to be both legally and factually sufficient, we affirm.

FACTUAL SUMMARY


 Appellant left his vehicle parked at an Albertson's grocery store parking lot because it had
electrical and mechanical problems. The following afternoon, he walked to the store from his home
to pick it up. The walk took thirty-five to forty minutes. Meanwhile, Lorenzo Arrellano was sitting
in his truck in the store parking lot while he waited for his wife Rosa to finish some shopping. 
Lorenzo's son and his girlfriend were with him. Lorenzo suddenly felt his truck shake and his son
said he thought they had just been hit. Lorenzo parked his truck and saw Appellant exit his vehicle
from the driver's side. Appellant asked him, "Where is your signal light; what happened to your
signal light? I got mine on." Lorenzo asked why he needed a signal light. When Lorenzo was
unable to obtain Appellant's identification or proof of insurance, the police were called. While they
were waiting for the officers to arrive, Appellant said he needed to use the restroom. He walked
toward a Chevron station and returned with a wet spot around his genital area. Appellant claimed
he dried his hands on his pants. 

 Officer Mata arrived within fifteen or twenty minutes. He saw Appellant walking back from
the Chevron station and noticed that Appellant was unsteady and his crotch was wet. The officer
also detected a strong odor of alcohol and saw Appellant leaning against another parked vehicle. 
After asking Appellant to explain what happened, Officer Mata conducted standard field sobriety
tests. On the horizontal gaze nystagmus test, Appellant displayed six out of six clues. On the walk-and-turn, Appellant displayed five out of eight clues. And on the one-leg-stand, Appellant showed
two out of four clues. Based upon the information received from his investigation, his observations,
and the results from the standard field sobriety tests, Officer Mata concluded Appellant was
intoxicated and arrested him.

 At the police station, Officer Portillo initiated a breath intoxilizer test. He first observed
Appellant for fifteen minutes to ensure that Appellant did not eat or drink anything prior to the
examination. The observation began at 3:52 p.m. and Appellant smelled of alcohol His speech and
reactions were slow. At 4:30 p.m., the officer began the test, but Appellant did not breathe into the
machine with sufficient pressure to register. At 4:39 p.m., Appellant provided two breath samples
which registered .17 and .18.

 Appellant was charged with driving while intoxicated. A jury found him guilty and assessed
punishment at confinement in the El Paso County Jail for seventy-two hours. 

SUFFICIENCY OF THE EVIDENCE


 In two issues, Appellant challenges the sufficiency of the evidence to support his conviction. 
A person commits the offense of driving while intoxicated if the person is intoxicated while
operating a motor vehicle in a public place. See Tex.Penal Code Ann. § 49.04 (a)(Vernon 2003). 
Standards of Review


 We review all of the evidence in the light most favorable to the verdict to determine whether
any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt when we review the legal sufficiency of the evidence to support a criminal conviction. 
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Geesa v.
State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991). The trier of fact is the sole judge of the weight
and credibility of the witnesses' testimony. Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App.
2000). Therefore, we may not substitute our judgment for that of the fact finder or re-evaluate the
credibility of the evidence. King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000); Dewberry v.
State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999).

 In reviewing the factual sufficiency of the evidence, we view all the evidence in a neutral
light, and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). 
However, we must give deference to the fact finder's determinations. See id.; Chambers v. State,
805 S.W.2d 459, 461 (Tex.Crim.App. 1991)(the fact finder is the judge of the credibility of the
witnesses and may "believe all, some, or none of the testimony"). Thus, our review of the evidence
"should not substantially intrude upon the fact finder's role as the sole judge of the weight and
credibility given to witness testimony." Johnson v. State, 23 S.W.3d at 7.

Operation of a Motor Vehicle


 The Texas Penal Code does not define the term "operate." Denton v. State, 911 S.W.2d 388,
389 (Tex.Crim.App. 1995); Freeman v. State, 69 S.W.3d 374, 376 (Tex.App.--Dallas 2002, no pet.).
To determine whether a vehicle was "operated," the totality of circumstances must demonstrate that
the defendant took action to affect the functioning of his vehicle in a manner that would enable the
vehicle's use. Denton, 911 S.W.2d at 390. While driving involves operation, operation does not
necessarily involve driving. Id. at 389. 

 Appellant enumerates the following deficiencies in the evidence: (1) Lorenzo admitted he
did not see Appellant drive his vehicle; (2) there was no damage to Lorenzo's truck, (3) Rosa did not
mention to the police that she saw Appellant drive his vehicle, (4) Officer Mata did not interview
Rosa; (5) Officer Mata admitted that he did not have independent knowledge whether the vehicle
was operational, (6) Appellant testified the vehicle was left in the parking lot because it had
mechanical problems; (7) Appellant testified the vehicle moved when he pulled down the hand brake
while looking for the business card of a towing company, (8) Appellant's friend testified that when
she picked up the vehicle from El Paso Towing, the car battery was dead and had to be charged; and
(9) the vehicle hasn't run since. 

 In reviewing the totality of circumstances, the evidence is both legally and factually sufficient
to show Appellant "operated" his vehicle. Appellant admitted that his vehicle moved and made
contact with Lorenzo's truck. Appellant's action in pulling down the hand break permitted the
vehicle to function and enabled it to move. While Appellant's action could not necessarily be
deemed driving, it nonetheless constitutes operation of his vehicle. See Denton, 911 S.W.2d at 389
(operation of a vehicle does not necessarily involve driving). And while Lorenzo testified there was
no damage to his truck, Rosa testified there was a scratch on the bumper where it had been hit. She
also testified she saw Appellant back into Lorenzo's truck. Although Rosa did not share this
information with Officer Mata, the weight and credibility of the testimony lies solely with the trier
of fact. King, 29 S.W.3d at 562; Johnson, 23 S.W.3d at 7. Because the evidence was legally and
factually sufficient to support this finding, we overrule Issue One.

Intoxicated While Operating a Motor Vehicle


 Appellant next claims that the State failed to prove beyond a reasonable doubt that he
operated his vehicle while intoxicated. He argues that at least thirty minutes elapsed between the
time he struck Lorenzo's truck and the time Officer Mata administered the field sobriety tests. He
also contends that even though the results of the breath tests showed he was intoxicated at 4:39 p.m.,
a retrograde analysis was not performed to determine whether he was intoxicated at the time of the
accident. (1)

 "Intoxicated" is defined as: (A) not having the normal use of mental or physical faculties by
reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination
of two or more of those substances, or any other substance into the body; or (B) having an alcohol
concentration of 0.08 or more. See Tex.Penal Code Ann. § 49.01 (2)(A) & (B).

 Officer Mata testified he was qualified to administer the standard field sobriety tests and that
Appellant failed all of them. He observed six out of six clues in the horizontal gaze nystagmus test,
five out of eight clues in the walk-and-turn, and two out of four clues on the one-leg-stand test. (2) See
Douthitt v. State, 127 S.W.3d 327, 337 (Tex.App.--Austin 2004, no pet.)(results of standard field
sobriety tests reflect the degree to which a defendant's normal mental or physical faculties are
impaired by an intoxicant). Based upon his observations and the results of the field sobriety tests,
Officer Mata formed the opinion that Appellant was intoxicated. The passage of time between the
administration of the field tests and the accident does not render the evidence insufficient. A
defendant's failure of field sobriety testing is circumstantial evidence showing he did not have
normal use of his mental or physical faculties at the time of the accident because of alcohol
consumption. Douthitt, 127 S.W.3d at 337. And although the State did not produce evidence of a
retrograde analysis, the intoxilizer results are still relevant. See Stewart v. State, 129 S.W.3d 93,
96 (Tex.Crim.App. 2004). While results of breath tests without evidence of retrograde analysis are
not conclusive proof that Appellant was intoxicated at the time he operated his vehicle, the results
of the test are still pieces in the evidentiary puzzle for the jury to consider in determining whether
Appellant was intoxicated at the time he operated his vehicle. See id. at 96-97. 

 And there was additional evidence for the jury to consider. Officer Mata opined Appellant
was intoxicated. He smelled of alcohol, he was wobbling and unsteady, he was leaning against a
vehicle, his crotch was wet, and he was uncooperative. While the evidence was conflicting, we must
defer to the fact finder. See Johnson, 23 S.W.3d at 7; King, 29 S.W.3d at 562. Viewed in the light
most favorable to the verdict and in a neutral light, the evidence was legally and factually sufficient
to support the jury's finding that Appellant operated his vehicle while intoxicated. We overrule Issue
Two and affirm the judgment of the trial court. 

August 23, 2007 

 ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. Appellant also challenges the accuracy and reliability of the HGN test and identifies certain factors which may
have affected his performance. Because he did not object at trial, he has waived any complaint. See Tex.R.App.P. 33.1
(a)(1)(as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made
to the trial court by a timely request, objection, or motion).
2. Appellant disputes that he displayed five clues on the walk-and-turn.