NO. 07-09-0264-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 5, 2010

______________________________

ARMANDO BARRERA, JR., 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_______________________________

FROM THE 110TH DISTRICT
COURT OF DICKENS COUNTY;

NO. 2367; HON. WILLIAM P. SMITH,
PRESIDING

______________________________

Memorandum Opinion

_______________________________

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Armando Barrera, Jr. (appellant)
appeals his conviction for driving while intoxicated (DWI).  Through two issues, he contends that the
evidence was legally and factually insufficient to support his conviction.  We disagree and affirm for the reasons discussed
below.

 

Background

            Around 10:00 a.m., the morning of
September 27, 2007, appellant was found alone, unconscious, and behind the
steering wheel of his vehicle.  The
vehicle was stopped on a country road, running, and “in gear.”  Its doors were locked, and appellant was in a
semi-reclining position.  A traveler who
encountered appellant yelled, banged on the car door, and honked his horn in
effort to awaken him.  Yet, appellant
remained asleep.  Eventually, law
enforcement and emergency medical personnel succeeded in gaining his
attention.   

            According to at least one witness,
appellant “was very disoriented.”  It
also appeared as if “he could not control his motor skills” as illustrated
during his attempt to unlock the car door. 
Appellant would try to do so but instead “continued to fall backward in
the seat.”  So too were his “eyes roll[ing]”
and his “hands shak[ing].”  And, once the
door was open and appellant removed from the car, those present “had to help
him from the vehicle onto the stretcher” since he could not perform that task
on his own.  

            Appellant testified that before
falling asleep on the road he was “completely burned out.”  So too did he disclose that 1) he had been
injecting himself with methamphetamine, 2) had done so at least nine times
during the three days before he was found unconscious in his car, 3) had
accidentally disposed of the remainder of the drug in his toilet the night
before, 4) grew extremely tired, 5) was unable to sleep at his house, and 6)
decided to drive his car out to a country road so he could get some
uninterrupted rest.  

The methamphetamine alluded to by appellant had not left his
blood.  Indeed, testing disclosed an “extremely
high” quantity of the drug within his blood according to a Texas Department of
Public Safety forensic scientist.  This
same witness also explained for the jury the effects methamphetamine had on the
human body.  She said that it not only causes
one to feel euphoric but also “extreme fatigue [or] sleepiness” as its stimulating
effects wear off.  “[A]t some point in
time you’re just going to be wiped out,” and “that’s due to the drug,” she
continued.

Standard of Review

As previously mentioned, appellant was convicted of driving
while intoxicated.  His complaints on
appeal focus upon the sufficiency of the evidence illustrating that he was
actually operating the vehicle while intoxicated.[1]  In assessing the accuracy of those
complaints, we apply the standards of review enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979), Lane v. State, 151 S.W.3d
188, 191-92 (Tex. Crim. App. 2004), and Roberts
v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007).  In other words, we view the evidence
appearing of record through the window framed by those cases and element of the
crime at issue.  Since the element in
question here involves appellant’s operation of a vehicle (again, he was found
unconscious in a non-moving car), it seems relevant to determine of what
operating a vehicle consists.  Pertinent
authority reveals that such conduct occurs when circumstances demonstrate that the
accused took action to affect the functioning of his vehicle in a manner that
would enable its use.  Barton v. State, 882 S.W.2d 456, 459-60
(Tex. App.–Dallas 1994, no pet.); see
also Freeman v. State, 69 S.W.3d 374, 376 (Tex. App.–Dallas 2002, no pet.)
(wherein the court examined the totality of the circumstances to determine if
appellant exerted personal effort in a manner that shows intentional use of the
vehicle for the intended purpose). 
Finally, we note that a person is intoxicated when he loses the normal
use of his mental or physical faculties because of the introduction of alcohol,
drugs or a controlled substance (or a combination thereof) into his body.   Tex.
Penal Code Ann. § 49.01(2)(A) (Vernon 2003). 

Analysis

No one disputes that appellant was
taking methamphetamine for three days before being found unconscious in his car
on the road.  No one disputes that once
he disposed of the remainder of the drug he became very tired or that, while
experiencing that condition, he decided to drive his car to a secluded country
road to get some sleep.  Nor is it disputed
that appellant was found behind the steering wheel of a running vehicle.  To those circumstances we add that evidence
describing the effect methamphetamine has on the human body once its
stimulation begins to wane, appellant’s inability to be easily awakened, his
inability to walk on his own to the stretcher or operate a door lock, and his
leaving the car “in gear.”  Together,
that constitutes some evidence from which a factfinder can rationally infer,
beyond reasonable doubt, not only that appellant lacked the normal use of his
mental and physical faculties as he drove to the spot where he stopped his car
but also that his condition resulted from the introduction of methamphetamine
(a controlled substance) into his body. 
Moreover, there is nothing manifestly unjust in so concluding given the
state of the evidence.  It may well be as
appellant suggested; he was not operating the vehicle when he was found
unconscious.  Yet, that is not something
we need decide; there is more than ample evidence to show that he had lost the
normal use of his physical and mental skills due to his prior ingestion of methamphetamine
as he drove to the location where others eventually found him.  See Hearne v. State, 80 S.W.3d 677, 680 (Tex.
App.–Houston [1st Dist.] 2002, no pet.) (evidence sufficient to
support conviction for driving while intoxicated where defendant was found in
driver’s seat of truck, truck registered to defendant, the truck was parked in
a moving lane of traffic, and no other people were around the scene); Pope
v. State, 802 S.W.2d 418, 420 (Tex. App.–Austin 1991, no pet.) (evidence
showing a defendant found asleep in a truck on a remote road, with the engine
running and the lights on, sufficient to support conviction for driving while
intoxicated).

Therefore, we overrule appellant’s issues challenging the
sufficiency of the evidence and affirm the judgment.

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

 

Do not publish.

 

             

 

                











[1]One
commits the crime of DWI if he "is intoxicated while operating a motor
vehicle in a public place."  Tex. Penal Code Ann. §49.04(a) (Vernon
2003).