NO. 07-09-0264-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 5, 2010

_____

ARMANDO BARRERA, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 110TH DISTRICT COURT OF DICKENS COUNTY;

NO. 2367; HON. WILLIAM P. SMITH, PRESIDING

_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Armando Barrera, Jr. (appellant) appeals his conviction for driving while intoxicated (DWI). Through two issues, he contends that the evidence was legally and factually insufficient to support his conviction. We disagree and affirm for the reasons discussed below.

***Background***

Around 10:00 a.m., the morning of September 27, 2007, appellant was found alone, unconscious, and behind the steering wheel of his vehicle. The vehicle was stopped on a country road, running, and "in gear." Its doors were locked, and appellant was in a semi-reclining position. A traveler who encountered appellant yelled, banged on the car door, and honked his horn in effort to awaken him. Yet, appellant remained asleep. Eventually, law enforcement and emergency medical personnel succeeded in gaining his attention.

According to at least one witness, appellant "was very disoriented." It also appeared as if "he could not control his motor skills" as illustrated during his attempt to unlock the car door. Appellant would try to do so but instead "continued to fall backward in the seat." So too were his "eyes roll[ing]" and his "hands shak[ing]." And, once the door was open and appellant removed from the car, those present "had to help him from the vehicle onto the stretcher" since he could not perform that task on his own.

Appellant testified that before falling asleep on the road he was "completely burned out." So too did he disclose that 1) he had been injecting himself with methamphetamine, 2) had done so at least nine times during the three days before he was found unconscious in his car, 3) had accidentally disposed of the remainder of the drug in his toilet the night before, 4) grew extremely tired, 5) was unable to sleep at his house, and 6) decided to drive his car out to a country road so he could get some uninterrupted rest.

The methamphetamine alluded to by appellant had not left his blood. Indeed, testing disclosed an "extremely high" quantity of the drug within his blood according to a

Texas Department of Public Safety forensic scientist. This same witness also explained for the jury the effects methamphetamine had on the human body. She said that it not only causes one to feel euphoric but also "extreme fatigue [or] sleepiness" as its stimulating effects wear off. "[A]t some point in time you're just going to be wiped out," and "that's due to the drug," she continued.

### *Standard of Review*

As previously mentioned, appellant was convicted of driving while intoxicated. His complaints on appeal focus upon the sufficiency of the evidence illustrating that he was actually operating the vehicle while intoxicated.[1] In assessing the accuracy of those complaints, we apply the standards of review enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Lane v. State*, 151 S.W.3d 188, 191-92 (Tex. Crim. App. 2004), and *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). In other words, we view the evidence appearing of record through the window framed by those cases and element of the crime at issue. Since the element in question here involves appellant's operation of a vehicle (again, he was found unconscious in a non-moving car), it seems relevant to determine of what operating a vehicle consists. Pertinent authority reveals that such conduct occurs when circumstances demonstrate that the accused took action to affect the functioning of his vehicle in a manner that would enable its use. *Barton v. State*, 882 S.W.2d 456, 459-60 (Tex. App.–Dallas 1994, no pet.); *see also Freeman v. State*, 69 S.W.3d 374, 376 (Tex. App.–Dallas 2002, no pet.) (wherein the court examined the totality of the circumstances to determine if appellant exerted personal effort in a manner that shows

---

[1]One commits the crime of DWI if he "is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. §49.04(a) (Vernon 2003).

3

intentional use of the vehicle for the intended purpose).  Finally, we note that a person is intoxicated when he loses the normal use of his mental or physical faculties because of the introduction of alcohol, drugs or a controlled substance (or a combination thereof) into his body.   TEX. PENAL CODE ANN. § 49.01(2)(A) (Vernon 2003).

### *Analysis*

No one disputes that appellant was taking methamphetamine for three days before being found unconscious in his car on the road.  No one disputes that once he disposed of the remainder of the drug he became very tired or that, while experiencing that condition, he decided to drive his car to a secluded country road to get some sleep. Nor is it disputed that appellant was found behind the steering wheel of a running vehicle.   To those circumstances we add that evidence describing the effect methamphetamine has on the human body once its stimulation begins to wane, appellant's inability to be easily awakened, his inability to walk on his own to the stretcher or operate a door lock, and his leaving the car "in gear."   Together, that constitutes some evidence from which a factfinder can rationally infer, beyond reasonable doubt, not only that appellant lacked the normal use of his mental and physical faculties as he drove to the spot where he stopped his car but also that his condition resulted from the introduction of methamphetamine (a controlled substance) into his body.  Moreover, there is nothing manifestly unjust in so concluding given the state of the evidence.  It may well be as appellant suggested; he was not operating the vehicle when he was found unconscious.  Yet, that is not something we need decide; there is more than ample evidence to show that he had lost the normal use of his physical and mental skills due to his prior ingestion of methamphetamine as he drove to

4

the location where others eventually found him. *See Hearne v. State,* 80 S.W.3d 677, 680 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (evidence sufficient to support conviction for driving while intoxicated where defendant was found in driver's seat of truck, truck registered to defendant, the truck was parked in a moving lane of traffic, and no other people were around the scene); *Pope v. State,* 802 S.W.2d 418, 420 (Tex. App.–Austin 1991, no pet.) (evidence showing a defendant found asleep in a truck on a remote road, with the engine running and the lights on, sufficient to support conviction for driving while intoxicated).

Therefore, we overrule appellant's issues challenging the sufficiency of the evidence and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.