02-11-175-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00175-CR

 

 


 
 
 Darrell Hughey
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM County
Criminal Court No. 3 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Darrell
Hughey appeals from his conviction––and sentence of ninety days’ confinement,
probated for twenty-four months––pursuant to a plea bargain for misdemeanor
driving while intoxicated.  In one issue, he challenges the trial court’s
denial of his pretrial motion to suppress.  We affirm.

Background

          Appellant
moved to suppress his blood test results that the police obtained pursuant to a
warrant; appellant contended that the warrant did not provide a reasonable
basis for the magistrate to determine that probable cause existed that he had
committed DWI.  He also moved for a Franks hearing on the veracity of
the officer’s statement in the supporting affidavit that appellant had refused
to voluntarily give a breath sample and that during an interview in the intoxilyzer
room, appellant had stated, “I refuse everything and do not wish to continue.” 
Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978).  In addition,
the affidavit does not divulge that only Joel Rivera, an off-duty police
officer, witnessed the driving facts included in the affidavit (rather than the
physical condition of appellant), which the swearing officer did not personally
observe.

          The
trial court held appellant’s motion to suppress hearing and Franks
hearing together.  The State agreed to redact the paragraph of the affidavit
regarding appellant’s alleged refusal of a breath test.  The State also
conceded that the affidavit does not include information about Rivera’s
credibility, veracity, or status as a police officer and that the affidavit
does not specifically state that only Rivera witnessed the driving facts.  The
State argued, however, that a reading of the entire affidavit makes it clear
that the swearing officer did not witness the driving facts and thus did not
mislead the magistrate by failing to specifically say that she did not witness
any driving facts personally.

Standard of Review and Applicable Law

Under the Fourth Amendment and the Texas
constitution, an affidavit supporting a search warrant is sufficient if, from
the totality of the circumstances reflected in the affidavit, the magistrate
was provided with a substantial basis for concluding that probable cause
existed.  Swearingen v. State, 143 S.W.3d 808, 810–11 (Tex. Crim. App.
2004).  In Swearingen, the court of criminal appeals reiterated that
Texas appellate courts are to follow the United States Supreme Court’s
traditional standard for reviewing probable cause:  whether the magistrate had
a substantial basis for concluding that a search would uncover evidence of
wrongdoing.  Id. at 810 (citing Illinois v. Gates, 462 U.S. 213, 236,
103 S. Ct. 2317, 2331 (1983)).

          An
affidavit supporting a search warrant begins with a presumption of validity.  Cates
v. State, 120 S.W.3d 352, 355 (Tex. Crim. App. 2003).  In Franks,
the United States Supreme Court held that when a “defendant makes a substantial
preliminary showing that a false statement knowingly and intentionally, or with
reckless disregard for the truth, was included by the affiant in the warrant
affidavit, and if the allegedly false statement is necessary to the finding of
probable cause, the Fourth Amendment requires that a hearing be held at the
defendant’s request.”  438 U.S. at 155–56, 98 S. Ct. at 2676.

          We
review a trial court’s decision on a Franks suppression issue under the
same standard that we review a probable cause deficiency, a mixed standard of
review:  “We give almost total deference to a trial court’s rulings on
questions of historical fact and application-of-law-to-fact questions that turn
on an evaluation of credibility and demeanor while we review de novo
application-of-law-to-fact questions that do not turn upon credibility and
demeanor.”  Johnson v. State, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002);
Fenoglio v. State, 252 S.W.3d 468, 473 (Tex. App.––Fort Worth 2008, pets.
ref’d).  However, in a Franks hearing, the trial court may consider not
only the probable cause affidavit but also the evidence offered by the party
moving to suppress because this attack on the sufficiency of the affidavit
arises from claims that it contains false statements.  Franks, 438 U.S.
at 155–56, 98 S. Ct. at 2676; Cates, 120 S.W.3d at 355 n.3; Fenoglio,
252 S.W.3d at 473.

          Under
Franks, a search warrant affidavit must be voided, and any evidence
obtained pursuant to the search warrant excluded, if a defendant can establish
by a preponderance of the evidence at a hearing that the affidavit contains a
false statement made knowingly or intentionally, or with reckless disregard for
the truth.  438 U.S. at 155–56, 98 S. Ct. at 2676; Fenoglio, 252 S.W.3d
at 473.  Then, setting the false material aside, the movant must also show that
the affidavit’s remaining content is insufficient to establish probable cause. 
Franks, 438 U.S. at 155–56, 98 S. Ct. at 2676; Fenoglio, 252
S.W.3d at 473.

Analysis

Here, the redacted affidavit provided to the
trial court stated as follows:

Specifically,
I witnessed and I was informed by Joel Rivera of / the following:

 

Driving (DWI, BWI,
FWI) facts:

 

Suspect was traveling
approximately 40 mph on I20 and then on 360, where the actual speed limit is 60
mph.  Suspect left his lane of traffic several times, swerving in and out of
his lane.  Suspect was stopped at a green signal before proceeding through and
again swerving in and out of his lane.  Suspect crossed the dividing lines, and
then he made a u-turn returning to the intersection he previously had crossed. 
Suspect was then stopped in a drive thru fast food lane, where your affiant
made contact with the suspect.

 

Observations of
suspect’s physical condition:

 

Suspect had
bloodshot, watery eyes; the smell of an alcoholic beverage on his breath;
suspect was slow to respond to questions; suspect displayed slow and
uncoordinated reaction times; suspect stated that he had drank beer and been to
a party where they served him “I don’t know what.”

 

Results
of field sobriety tests given to suspect:

 

Suspect
refused to perform any standardized field sobriety tests.  When your affiant
asked the suspect if he had been drinking, he stated that he had been drinking
“beer.”  When asked exactly how much, he responded “apparently too much.” 
Suspect gave no reason for refusing the tests, but said “if you are going to
arrest me, then arrest me.”  After arrested, suspect stated “I would have
failed the tests anyway and didn’t want to embarrass myself.”

If
all of the driving facts were redacted from the affidavit, the affidavit would
have still supported the magistrate’s determination of probable cause.  The
officer stated that she made contact with appellant when he was stopped in a
fast food drive-through lane; he had bloodshot, watery eyes, the smell of an
alcoholic beverage on his breath, was slow and uncoordinated in his reaction
times, and admitted that he had been drinking beer and had been to a party. 
Thus, regardless of whether the affidavit sufficiently showed Rivera’s identity
or credibility, the remainder supports the magistrate’s probable cause
conclusion.  See Denton v. State, 911 S.W.2d 388, 390 (Tex. 1995)
(holding that, for sufficiency purposes, whether person operated vehicle while
intoxicated is based on totality of circumstances showing that person took
action to affect functioning of vehicle in manner that would enable its use); Dornbusch
v. State, 262 S.W.3d 432, 433, 436–38 (Tex. App.––Fort Worth 2008, no
pet.); Freeman v. State, 69 S.W.3d 374, 375–76 (Tex. App.––Dallas 2002,
no pet.).[2]  We conclude and hold
that the trial court did not err by denying appellant’s motion to suppress.

Conclusion

Having overruled appellant’s sole issue, we
affirm the trial court’s judgment.

 

 

 

TERRIE LIVINGSTON

CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: 
March 15, 2012









[1]See Tex. R. App. P. 47.4.





[2]We additionally agree with
the analysis of similar facts set forth in an unpublished case, Wheat v.
State.  No. 14-10-00029-CR, 2011 WL 1259642, at *5 (Tex. App.––Houston [14th
Dist.] Apr. 5, 2011, pet. ref’d) (mem. op., not designated for publication). 
Although the appellant in Wheat (like the appellants in the cases cited
above) was found asleep in a parked car, here appellant was awake and stopped
in a drive-through lane; thus, the conclusion that he was very recently
operating the vehicle is even more strongly supported.