

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00175-CR

DARRELL HUGHEY                                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Darrell Hughey appeals from his conviction—and sentence of ninety days' confinement, probated for twenty-four months—pursuant to a plea bargain for misdemeanor driving while intoxicated. In one issue, he challenges the trial court's denial of his pretrial motion to suppress. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

Appellant moved to suppress his blood test results that the police obtained pursuant to a warrant; appellant contended that the warrant did not provide a reasonable basis for the magistrate to determine that probable cause existed that he had committed DWI. He also moved for a *Franks* hearing on the veracity of the officer's statement in the supporting affidavit that appellant had refused to voluntarily give a breath sample and that during an interview in the intoxilyzer room, appellant had stated, "I refuse everything and do not wish to continue." *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978). In addition, the affidavit does not divulge that only Joel Rivera, an off-duty police officer, witnessed the driving facts included in the affidavit (rather than the physical condition of appellant), which the swearing officer did not personally observe.

The trial court held appellant's motion to suppress hearing and *Franks* hearing together. The State agreed to redact the paragraph of the affidavit regarding appellant's alleged refusal of a breath test. The State also conceded that the affidavit does not include information about Rivera's credibility, veracity, or status as a police officer and that the affidavit does not specifically state that only Rivera witnessed the driving facts. The State argued, however, that a reading of the entire affidavit makes it clear that the swearing officer did not witness the driving facts and thus did not mislead the magistrate by failing to specifically say that she did not witness any driving facts personally.

**Standard of Review and Applicable Law**

Under the Fourth Amendment and the Texas constitution, an affidavit supporting a search warrant is sufficient if, from the totality of the circumstances reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that probable cause existed. *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004). In *Swearingen*, the court of criminal appeals reiterated that Texas appellate courts are to follow the United States Supreme Court's traditional standard for reviewing probable cause: whether the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Id*. at 810 (citing *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983)).

An affidavit supporting a search warrant begins with a presumption of validity. *Cates v. State*, 120 S.W.3d 352, 355 (Tex. Crim. App. 2003). In *Franks*, the United States Supreme Court held that when a "defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. at 155–56, 98 S. Ct. at 2676.

We review a trial court's decision on a *Franks* suppression issue under the same standard that we review a probable cause deficiency, a mixed standard of review: "We give almost total deference to a trial court's rulings on questions of

3

historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor while we review de novo application-of-law-to-fact questions that do not turn upon credibility and demeanor." *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002); *Fenoglio v. State*, 252 S.W.3d 468, 473 (Tex. App.—Fort Worth 2008, pets. ref'd). However, in a *Franks* hearing, the trial court may consider not only the probable cause affidavit but also the evidence offered by the party moving to suppress because this attack on the sufficiency of the affidavit arises from claims that it contains false statements. *Franks*, 438 U.S. at 155–56, 98 S. Ct. at 2676; *Cates*, 120 S.W.3d at 355 n.3; *Fenoglio*, 252 S.W.3d at 473.

Under *Franks*, a search warrant affidavit must be voided, and any evidence obtained pursuant to the search warrant excluded, if a defendant can establish by a preponderance of the evidence at a hearing that the affidavit contains a false statement made knowingly or intentionally, or with reckless disregard for the truth. 438 U.S. at 155–56, 98 S. Ct. at 2676; *Fenoglio*, 252 S.W.3d at 473. Then, setting the false material aside, the movant must also show that the affidavit's remaining content is insufficient to establish probable cause. *Franks*, 438 U.S. at 155–56, 98 S. Ct. at 2676; *Fenoglio*, 252 S.W.3d at 473.

**Analysis**

Here, the redacted affidavit provided to the trial court stated as follows:

Specifically, I witnessed and I was informed by Joel Rivera of / the following:

**Driving (DWI, BWI, FWI) facts:**

Suspect was traveling approximately 40 mph on I20 and then on 360, where the actual speed limit is 60 mph. Suspect left his lane of traffic several times, swerving in and out of his lane. Suspect was stopped at a green signal before proceeding through and again swerving in and out of his lane. Suspect crossed the dividing lines, and then he made a u-turn returning to the intersection he previously had crossed. Suspect was then stopped in a drive thru fast food lane, where your affiant made contact with the suspect.

**Observations of suspect's physical condition:**

Suspect had bloodshot, watery eyes; the smell of an alcoholic beverage on his breath; suspect was slow to respond to questions; suspect displayed slow and uncoordinated reaction times; suspect stated that he had drank beer and been to a party where they served him "I don't know what."

**Results of field sobriety tests given to suspect:**

Suspect refused to perform any standardized field sobriety tests. When your affiant asked the suspect if he had been drinking, he stated that he had been drinking "beer." When asked exactly how much, he responded "apparently too much." Suspect gave no reason for refusing the tests, but said "if you are going to arrest me, then arrest me." After arrested, suspect stated "I would have failed the tests anyway and didn't want to embarrass myself."

If all of the driving facts were redacted from the affidavit, the affidavit would have still supported the magistrate's determination of probable cause. The officer stated that she made contact with appellant when he was stopped in a fast food drive-through lane; he had bloodshot, watery eyes, the smell of an alcoholic

5

beverage on his breath, was slow and uncoordinated in his reaction times, and admitted that he had been drinking beer and had been to a party. Thus, regardless of whether the affidavit sufficiently showed Rivera's identity or credibility, the remainder supports the magistrate's probable cause conclusion. *See Denton v. State*, 911 S.W.2d 388, 390 (Tex. 1995) (holding that, for sufficiency purposes, whether person operated vehicle while intoxicated is based on totality of circumstances showing that person took action to affect functioning of vehicle in manner that would enable its use); *Dornbusch v. State*, 262 S.W.3d 432, 433, 436–38 (Tex. App.—Fort Worth 2008, no pet.); *Freeman v. State*, 69 S.W.3d 374, 375–76 (Tex. App.—Dallas 2002, no pet.).[2] We conclude and hold that the trial court did not err by denying appellant's motion to suppress.

---

[2]We additionally agree with the analysis of similar facts set forth in an unpublished case, *Wheat v. State*. No. 14-10-00029-CR, 2011 WL 1259642, at *5 (Tex. App.—Houston [14th Dist.] Apr. 5, 2011, pet. ref'd) (mem. op., not designated for publication). Although the appellant in *Wheat* (like the appellants in the cases cited above) was found asleep in a parked car, here appellant was awake and stopped in a drive-through lane; thus, the conclusion that he was very recently operating the vehicle is even more strongly supported.

**Conclusion**

Having overruled appellant's sole issue, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 15, 2012