**Steven Wayne DENTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1038–94.

Court of Criminal Appeals of Texas, En Banc.

Dec. 6, 1995.

Allan K. Butcher, Fort Worth, for appellant.

Elizabeth A. Martin, Asst. Dist. Atty., Fort Worth, Robert A. Huttash, State's Atty., Austin, for the State.

Before the court en banc.

### OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge.

Appellant was convicted of unauthorized use of a motor vehicle. After he entered pleas of "True" to the enhancement paragraphs setting out two prior felony convictions, he was sentenced by the trial judge to 40 years confinement. On appeal, he claimed the evidence was insufficient to prove that he "operated" the complainant's vehicle. The conviction was affirmed and appellant filed a petition for discretionary review, contending that the Court of Appeals erred in determining that the term "operate" as used in the unauthorized use of a motor vehicle statute, extends to the exertion of power or influence over the vehicle.

Complainant, awakened in the night by the sound of his pick-up's engine, ran outside to find appellant seated behind the wheel. Appellant had broken into the truck and started the engine, only to find that despite his best efforts to accelerate, the vehicle would not budge. According to complainant, the truck required a few minutes' warm-up time before it could be driven. Appellant claims his actions did not constitute operation, since the truck was never actually moved from a stationary position. He defines operation as "causing a vehicle to function in the manner in which it was intended to function." He claims that in the case of a car or truck this means "to drive," which in turn means to cause the vehicle to move. Relying on this

definition, he contends he committed only an attempt at operation, since movement was never actually accomplished.

Section 31.07(a) of the Texas Penal Code provides:

A person commits an offense if he intentionally or knowingly operates another's boat, airplane or motor-propelled vehicle without the effective consent of the owner.

Because the term "operate" is not defined in the Penal Code, the Court of Appeals relied on the plain meaning of the word to answer the question presented. See, e.g. *Howard v. State*, 690 S.W.2d 252, 254 (Tex.Crim.App. 1985). That Court, referring to *Webster's Third New International Dictionary*, chose to define "operate" as the "exertion of power or influence." The Court of Appeals addressed the cases cited by Appellant in support of his definition of "operate" and found the facts of those cases distinguishable from the facts of this case. We agree with the Court of Appeals.

In several of the cases offered by appellant, evidence of driving was held sufficient to prove operation, while in others a lack of such evidence was held to result in insufficient evidence to prove operation. Appellant contends these holdings indicate that "driving is the gravamen of the offense." For instance, appellant notes that in *Galan v. State*, 301 S.W.2d 141 (Tex.Crim.App.1957), it was held that "drive" and "operate" are synonymous terms. However, we find a more accurate interpretation of the cases to be that while driving does involve operation, operation does not necessarily involve driving.

In the cases appellant cites in which evidence was held to be insufficient, the issue was the identity of the person behind the wheel, not whether operation had in fact occurred. For example, in one case where the evidence was held insufficient, appellant was seen exiting from the passenger side of the vehicle immediately after it came to a stop. Because there were two possible drivers in the car, the evidence was held insufficient to show that the defendant was driving and therefore operating the vehicle. On the other hand, in *Dickson v. State*, 642 S.W.2d 185 (Tex.App.—Houston [14th Dist.] 1982,

pet. ref'd.), appellant was seen exiting the driver's side door of a stolen van immediately after it came to a stop. This evidence supported an inference that defendant was driving and therefore operating the van. See also, *Protz v. State*, 681 S.W.2d 296 (Tex. App.—Houston [14th Dist.] 1984, rev. ref'd) and *Middlebrook v. State*, 803 S.W.2d 355 (Tex.App.—Fort Worth 1990, rev. ref'd). *Jackson v. State*, 645 S.W.2d 303 (Tex.Crim. App.1983). Because the meaning of "operate" was not at issue in those cases, we find they do not support appellant's argument.

We are, instead, persuaded by several DWI cases where the definition of "operate" was directly at issue. For instance, in *Barton v. State*, 882 S.W.2d 456 (Tex.App.— Dallas 1994, no pet.), the defendant was found asleep at the wheel of his still but idling automobile, his feet depressing the brake and clutch. When awakened by an officer, the defendant immediately attempted to engage the clutch, change gears and restart the engine. The defendant claimed he was not operating the car because he exerted no personal effort to cause its movement or non-movement. The court held:

"We do not accept the contention that to operate a vehicle within the meaning of the statute, the driver's personal effort must cause the automobile to either move or not move. Purposely causing or restraining actual movement is not the only definition of 'operating' a motor vehicle. In other words, we examine the totality of the circumstances to determine if [the defendant] exerted personal effort upon his vehicle for its intended purpose. We hold that the evidence is sufficient to show operation of a motor vehicle where the totality of the circumstances demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use."

Applying this test, the court found the defendant had "exerted personal effort to control his vehicle to affect its functioning" and had thus "operated" the vehicle.

Similarly, in *Reddie v. State*, 736 S.W.2d 923, 925 (Tex.App.—San Antonio 1987, pet. ref'd.), it was held that "proof must show that

a defendant 'drives or operates' a vehicle at the same time he is intoxicated." The Court of Appeals further held that evidence must show that "while intoxicated, [the defendant] exerted personal effort to cause the vehicle to function." Id. at 927. In *Reddie,* the defendant was found asleep at the wheel of his automobile with the engine running and the gears in park. Because he was found asleep, it was impossible to be sure when or how he arrived where he was or whether he had ever operated the car while under the influence. Although the Court found the evidence insufficient to prove defendant operated the car while intoxicated, the Court did conclude that the evidence supported an inference that the defendant had "caused the car to function in this way at some time." Id. at 926.

We also find persuasive *Boyle v. State,* 778 S.W.2d 113 (Tex.App.—Houston [14th Dist.] 1989, no pet.), where the intoxicated defendant was found stopped in traffic with her foot on the brake pedal and her car's engine running in drive. The court held a finding of operation of a motor vehicle was justified under those circumstances.

Section 311.011(a) of the Code of Construction Act requires that:

> Words and phrases shall be read in context and be construed according to the rules of grammar and common usage.

This Court has held that "words not specifically defined by the Legislature are to be understood as ordinary usage allows, and jurors may thus freely read statutory language to have any meaning which is acceptable in common parlance." *Vernon v. State,* 841 S.W.2d 407 (Tex.Crim.App.1992).

The "exertion of power or influence" definition used by the court of appeals is certainly broader than the one offered by appellant. While we agree that appellant's definition is too narrow, we think the one used by the Dallas Court of Appeals in *Barton* is more workable. To find operation under that standard, the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use. In this case, appellant took such action by starting the ignition and revving the acceler-

ator of complainant's pickup. Therefore, the Court of Appeals did not err in holding the evidence sufficient to show operation. The judgment of the Court of Appeals is affirmed.

CLINTON, J., concurs in the result.