# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00373-CR

**Raymond Edwards, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
## NO. 573,648, HONORABLE FRANK J. MALONEY, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Raymond Edwards appeals his conviction for misdemeanor driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West 2003). Edwards filed a motion to suppress a DWI video made at the scene and the results of an intoxilizer test. After the trial court denied the motion, Edwards pleaded *nolo contendere* in a plea bargain agreement, conditioned on his right to appeal the denial of the motion. He was sentenced to two years of community service. In one issue on appeal, Edwards contends that the trial court erred in overruling the motion to suppress because no probable cause existed to justify his arrest without a warrant. We hold that probable cause did exist and affirm the trial court's judgment.

## BACKGROUND

Early one morning, DPS Trooper Jeffrey Lyde responded to a complaint that someone's vehicle had become stuck in the construction zone immediately outside of a nearby convenience store. Upon arriving, he observed a car stuck in a pile of dirt located within a barricaded construction area. The car's engine was running, and the driver of the car was unsuccessfully attempting to extricate it by repeatedly shifting from forward to reverse. Trooper Lyde testified that although he did not observe Edwards actually driving the car, he did observe the tires spinning forward and in reverse in an unsuccessful attempt to remove the car from the pile.

Shortly after Trooper Lyde's arrival, Trooper Jason Robbins arrived on the scene. Trooper Robbins approached the vehicle and asked the passenger and the driver, Edwards, to exit the vehicle. Trooper Robbins then led the occupants from the construction area to the parking lot at the convenience store. He immediately performed field sobriety tests on Edwards. After the sobriety tests, Trooper Robbins placed Edwards under arrest for DWI and transported him to jail. Trooper Lyde followed, and at the jail he administered the intoxilizer test to Edwards.

## STANDARD OF REVIEW

We review the trial court's ruling on a motion to suppress under an abuse of discretion standard. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). While viewing the evidence in the light most favorable to the trial court's ruling, *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999), and affording almost total deference to the trial court's determination of facts which the record supports, *State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d

2

85, 89 (Tex. Crim. App. 1997), we "review *de novo* the court's application of the law of search and seizure to those facts." *Ross*, 32 S.W.3d at 856. If the judge's decision is correct on any theory of law applicable to the case, the decision will be sustained. *Id.* at 855-56.

## DISCUSSION

Edwards asserts that because neither Trooper Lyde nor Trooper Robbins observed him actually driving the vehicle, his subsequent warrantless arrest for DWI was illegal for lack of adequate probable cause. His assertion rests on the fact that a police officer may only make an arrest without a warrant when an offense has been committed in the presence or view of the officer. Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 1977). However, the DWI statute does not require proof of driving but of operating. *See* Tex. Pen. Code Ann. § 49.04(a) (West 2003) ("A person commits the offense if the person is intoxicated while operating a motor vehicle in a public place."). Although Trooper Lyde did not see Edwards actually driving his vehicle, he did witness Edwards operating the vehicle.

A person operates a vehicle if the totality of the circumstances indicates that the person took action to affect the functioning of a vehicle in a manner that would enable the vehicle's use. *Denton v. State*, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995) (holding evidence sufficient to demonstrate operation because defendant had taken action to affect vehicle's functioning by starting ignition and revving accelerator despite fact that vehicle never actually moved). The transportation code similarly defines the term "operate" as "to drive or be in actual control of a motor vehicle." Tex. Transp. Code Ann. § 724.001(11) (West 1999). Under either definition, the totality of the circumstances in this case compels us to find that Trooper Lyde observed Edwards operating the

3

vehicle. Edwards was behind the wheel of a running automobile. He repeatedly shifted gears between forward and reverse and accelerated, causing the wheels to spin, but failing to dislodge it from the dirt pile. It is irrelevant whether Trooper Lyde observed Edwards drive the vehicle into the pile because he witnessed Edwards operating the vehicle at the time he arrived on the scene. These facts are sufficient to demonstrate that when Trooper Lyde observed Edwards's futile attempt to remove the vehicle he had reason to believe that Edwards was, at that instant, operating a motor vehicle.

Edwards's appeal is predicated on the belief that no probable cause existed that could justify his warrantless arrest because the State had only a suspicion that he was driving while intoxicated. Probable cause exists when the facts and circumstances within an officer's personal knowledge and of which he has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in the belief that, more likely than not, a particular suspect has committed an offense. *State v. Garrett*, 22 S.W.3d 650, 653-54 (Tex. App.—Austin 2000, no pet.) (citing *Hughes v. State*, 878 S.W.2d 142, 154 (Tex. Crim. App. 1992)). Probable cause is determined by the totality of the circumstances established by the evidence. *Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). In his appeal, Edwards challenges neither the troopers' determination that he was intoxicated nor the fact that the incident occurred in a public place. On these facts, the totality of the circumstances indicates that Edwards was operating a vehicle in the presence of Trooper Lyde, and that all of the elements necessary to prove driving while intoxicated as it is defined in the penal code were present when Edwards was arrested.

The evidence is sufficient to support a finding of probable cause to arrest Edwards for driving while intoxicated. Thus, the trial court did not err in denying the appellant's motion to suppress.

We affirm the judgment of the trial court.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   October 2, 2003

Do Not Publish

5