In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-108 CR


____________________



LISA ANN MORROW, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 02-173076






MEMORANDUM OPINION (1)


 Lisa Ann Morrow appeals her conviction for driving while intoxicated. After the
jury found her guilty as charged in the information, the court assessed punishment at 180
days of confinement in the Montgomery County Jail and a $1,000 fine. The trial court
suspended imposition of the term of confinement and placed Morrow on community
supervision for 18 months. The sole point of error raised on appeal challenges the legal
sufficiency of the evidence. We hold that the evidence is sufficient to support the
conviction, and affirm the judgment of the trial court.

 Citing Denton v. State, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995), Morrow
contends that the evidence does not support an inference that she operated the vehicle
because no eyewitness testified to observing her drive the automobile, and no evidence
demonstrates that she took some other action to affect its functioning. Citing Coleman v.
State, 704 S.W.2d 511 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd), she then argues that
evidence placing her in the driver's seat after an accident did not prove that she operated the
vehicle before the accident because the State failed to establish temporal proximity. The
appellant presents her point of error as the trial court's denial of her motion for directed
verdict made at the close of the State's case-in-chief. It is well settled that a challenge to the
trial court's denial of a motion for directed verdict is actually a challenge to the legal
sufficiency of the evidence to support the conviction. Cook v. State, 858 S.W.2d 467, 470
(Tex. Crim. App. 1993). To determine whether a rational trier of fact could have found that
the essential elements of the offense existed beyond a reasonable doubt, we must consider
all the evidence presented at trial, both from the State and the defense, in the light most
favorable to the verdict. Id.; McDuff v. State, 939 S.W.2d 607, 613-14 (Tex. Crim. App.
1997).

 Morrow claims the State failed to prove that she was operating the vehicle, but does
not challenge any of the other elements of the offense of driving while intoxicated. Thus, the
narrow question presented in this appeal is whether the State proved beyond a reasonable
doubt that Morrow operated the vehicle. When the arresting officer encountered Morrow,
her automobile was disabled on the I-45 feeder road as the result of an accident. No other
vehicles were involved. It appeared that the vehicle struck the concrete highway retaining
wall. The motor was running and losing coolant. The appellant moved the vehicle forward
when the officer directed her to move the vehicle completely off of the road. When the
officer asked Morrow what happened, she told him that "she guessed she had run off the
roadway." A videotape of the encounter was presented to the jury. On the tape, the jury
heard Morrow state several times that she "just went off the road." She then admitted to
consuming two beers at a bar, to being on the highway feeder road, and to driving. 
Furthermore, the appellant testified at trial. On cross-examination, Morrow admitted that she
was driving. From this evidence, the jury could rationally find beyond a reasonable doubt
that the appellant was operating a motor vehicle. 

 We overrule the sole point of error and affirm the judgment.


 AFFIRMED.


 PER CURIAM


Submitted on February 2, 2004

Opinion Delivered February 11, 2004

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.7.