Newell v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-234-CR

SHERMAN WESLEY NEWELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Sherman Wesley Newell appeals his conviction for driving while intoxicated.  In two points, appellant complains that the evidence is legally and factually insufficient to support his conviction because the State failed to present adequate evidence that appellant was operating a vehicle. We affirm. Appellant was convicted of misdemeanor driving while intoxicated (DWI).

The evidence shows as follows:

At 3:05 a.m. on the morning of July 23, 2001, Grand Prairie Police Officer Steven Slater and Sergeant Scott Robinson found appellant asleep in the driver’s seat of his vehicle with the engine running, the gear in “park,” the headlights on, and his foot on the brake pedal.  The car was on the shoulder 
of the I-20 ramp directly over the southbound lanes of Great Southwest Parkway, an area where it is generally unsafe to park.
  When Officer Slater asked appellant if he was ok and if he knew where he was, appellant responded that he had “just dropped them off in San Antonio.”  The officers determined that appellant was not aware of his surroundings, that he smelled of alcohol, and that he had an unsteady balance when he got out of the car.  After appellant failed several field sobriety tests, the officers arrested him for DWI. 

Appellant contends that the evidence is legally and factually insufficient to show he was operating the vehicle because no witness saw appellant drive the vehicle to the location or knew how long he had been parked there, how long he had been intoxicated, or if anyone else had driven the car. 

A person commits the offense of DWI if he is intoxicated “while operating a motor vehicle in a public place.”
(footnote: 2)  The Texas Court of Criminal Appeals has held that “[t]o find operation under [the DWI] standard, the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of [the] vehicle in a manner that would enable the vehicle’s use.”
(footnote: 3) Although driving always involves operation of a vehicle, operation of a vehicle does not necessarily always involve driving.
(footnote: 4) 
 

Applying the appropriate standards of review to the evidence in this case,
(footnote: 5) we hold that the evidence that appellant told Officer Slater that he “just dropped them off in San Antonio” and that appellant was parked on the shoulder of a freeway ramp with his engine running, his headlights on, and his foot on the brake is both legally and factually sufficient to prove that he had taken action to affect the functioning of the car in a manner that would enable

 its use.
(footnote: 6)  The State was not required to present direct evidence of appellant’s driving the car to establish that he operated it.
(footnote: 7)   

We overrule appellant’s points and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 October 27, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
Tex. Penal Code Ann.
 § 49.04(a) (Vernon 2003).

3:
Denton v. State
, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995).

4:
Id
. at 389. 

5:
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (setting out the legal sufficiency standard of review); 
Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004) (setting out the factual sufficiency standard). 

6:
See Pope v. State
, 802 S.W.2d 418, 420 (Tex. App.—Austin 1991, no pet.) (holding evidence showing an intoxicated defendant found asleep in a truck on a remote road, with the engine running and the lights on, furnished sufficient evidence of operating a vehicle);
 Benedict v. State
, No. 02-03-00310-CR, 2004 WL 2108837, at *5 (Tex. App.—Fort Worth Sept. 23, 2004, pet. ref’d) (mem. op.) (not designated for publication) (finding sufficient evidence to support the appellant’s operation of the vehicle where the appellant was found in a borrowed car, asleep, with the engine running, the car in gear, the headlights on, and his foot on the brake). 

7:
Denton
, 911 S.W.2d at 389. Appellant’s reliance on 
Ballard v. State
, 757 S.W.2d 389, 390 (Tex. App.—Houston [1st Dist.]
 1988, pet. ref’d), and 
Reddie v. State
, 736 S.W.2d 923, 927 (Tex. App.—San Antonio 1987, pet. ref’d)
, is misplaced.  Those cases were decided based on the reasonable hypothesis of guilt analytical construct, which is no longer applicable in a legal sufficiency review.  
See Geesa v. State
, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991)  (rejecting the reasonable hypothesis of guilt construct).  Further, although the existence of alternative reasonable hypotheses may be relevant in a factual sufficiency review, appellant fails to cite a reasonable alternative hypothesis in his brief.  
See Wilson v. State
, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).  Contrary to his suggestion that he may have become intoxicated after parking his car alongside the freeway ramp, there were no alcoholic beverages in his vehicle.