COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

                                        NO.
2-04-234-CR

SHERMAN WESLEY NEWELL                                                 APPELLANT

                                                   V.

THE STATE OF TEXAS                                                                STATE

                                              ------------

        FROM
COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

                                              ------------

MEMORANDUM OPINION[1]

------------

Sherman Wesley Newell appeals his conviction for
driving while intoxicated.  In two
points, appellant complains that the evidence is legally and factually
insufficient to support his conviction because the State failed to present
adequate evidence that appellant was operating a vehicle. We affirm.       Appellant was convicted of misdemeanor
driving while intoxicated (DWI).

The evidence shows as follows:








At 3:05 a.m. on the morning of July 23, 2001,
Grand Prairie Police Officer Steven Slater and Sergeant Scott Robinson found
appellant asleep in the driver=s seat
of his vehicle with the engine running, the gear in Apark,@ the
headlights on, and his foot on the brake pedal. 
The car was on the shoulder of the I-20 ramp directly over the
southbound lanes of Great Southwest Parkway, an area where it is generally
unsafe to park.  When Officer Slater
asked appellant if he was ok and if he knew where he was, appellant responded
that he had Ajust dropped them off in San
Antonio.@  The officers determined that appellant was
not aware of his surroundings, that he smelled of alcohol, and that he had an
unsteady balance when he got out of the car. 
After appellant failed several field sobriety tests, the officers
arrested him for DWI. 

Appellant contends that the evidence is legally
and factually insufficient to show he was operating the vehicle because no
witness saw appellant drive the vehicle to the location or knew how long he had
been parked there, how long he had been intoxicated, or if anyone else had
driven the car.     








A person commits the offense of DWI if he is
intoxicated Awhile operating a motor vehicle
in a public place.@[2]  The Texas Court of Criminal Appeals has held
that A[t]o
find operation under [the DWI] standard, the totality of the circumstances must
demonstrate that the defendant took action to affect the functioning of [the]
vehicle in a manner that would enable the vehicle=s use.@[3]
Although driving always involves operation of a vehicle, operation of a vehicle
does not necessarily always involve driving.[4]
 

Applying the appropriate standards of review to
the evidence in this case,[5]
we hold that the evidence that appellant told Officer Slater that he Ajust
dropped them off in San Antonio@ and
that appellant was parked on the shoulder of a freeway ramp with his engine
running, his headlights on, and his foot on the brake is both legally and
factually sufficient to prove that he had taken action to affect the
functioning of the car in a manner that would enable








 its use.[6]  The State was not required to present direct
evidence of appellant=s driving the car to establish
that he operated it.[7]         

We overrule appellant=s points
and affirm the trial court=s
judgment.  

PER
CURIAM

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: October 27,
2005











[1]See Tex. R. App. P. 47.4.





[2]Tex.
Penal Code Ann.
' 49.04(a) (Vernon 2003).





[3]Denton v. State, 911 S.W.2d 388, 390
(Tex. Crim. App. 1995).





[4]Id. at 389. 





[5]Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim.
App. 2004) (setting out the legal sufficiency standard of review); Zuniga v.
State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004) (setting out the factual
sufficiency standard). 





[6]See Pope v. State, 802 S.W.2d 418, 420
(Tex. App.CAustin 1991, no pet.)
(holding evidence showing an intoxicated defendant found asleep in a truck on a
remote road, with the engine running and the lights on, furnished sufficient
evidence of operating a vehicle); Benedict v. State, No. 02-03-00310-CR,
2004 WL 2108837, at *5 (Tex. App.CFort Worth Sept. 23, 2004, pet. ref=d) (mem. op.) (not
designated for publication) (finding sufficient evidence to support the
appellant=s operation of the
vehicle where the appellant was found in a borrowed car, asleep, with the
engine running, the car in gear, the headlights on, and his foot on the brake).






[7]Denton, 911 S.W.2d at 389.
Appellant=s reliance on Ballard
v. State, 757 S.W.2d 389, 390 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d), and Reddie v.
State, 736 S.W.2d 923, 927 (Tex. App.CSan Antonio 1987, pet. ref=d), is misplaced.  Those cases were decided based on the
reasonable hypothesis of guilt analytical construct, which is no longer
applicable in a legal sufficiency review. 
See Geesa v. State, 820 S.W.2d 154, 158 (Tex. Crim. App.
1991)  (rejecting the reasonable
hypothesis of guilt construct).  Further,
although the existence of alternative reasonable hypotheses may be relevant in
a factual sufficiency review, appellant fails to cite a reasonable alternative
hypothesis in his brief.  See Wilson
v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).  Contrary to his suggestion that he may have
become intoxicated after parking his car alongside the freeway ramp, there were
no alcoholic beverages in his vehicle.