# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-08-00624-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Frank Allocca, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-08-003145, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I respectfully dissent. I withdraw my previous dissenting opinion and substitute the following in its place. For the reasons stated below, I would grant the appellant's motion for rehearing and would reverse the county court's judgment, thereby affirming the administrative decision to suspend Allocca's license.

The issue before the Court in this license suspension proceeding is whether there is substantial evidence in the record to support the administrative law judge's finding that there was probable cause for Officer Williams to believe Allocca had operated a motor vehicle while intoxicated. If there is, we cannot disturb the finding of the administrative law judge, and the county court's judgment must be reversed. I am of the view that the majority has misapplied the

standard of review and, therefore, has come to an incorrect conclusion regarding our ability to reverse the finding of the administrative law judge that there was probable cause to believe Allocca had operated his vehicle at the time Officer Williams had his encounter with Allocca.

It is important to note that we are not to determine whether there is substantial evidence that Allocca actually operated his vehicle. That is not the question before us. We are required to determine only whether there is substantial evidence of the existence of probable cause for Officer Williams to believe Allocca had operated his vehicle while intoxicated. The distinction is important here because we are not evaluating the record to ascertain whether it will support a conviction for driving while intoxicated or even a finding based on a preponderance of the evidence that Allocca was operating a vehicle while intoxicated. The record must only support a determination of probable cause to believe Allocca had operated his vehicle while intoxicated. "Probable cause exists where the police have reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense." *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). "Probable cause deals with probabilities; it requires more than mere suspicion, but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence." *Id*.

Since we are concerned here with a license suspension proceeding and a probable cause determination, whether the evidence would support a conviction for driving while intoxicated based on an analysis of case law having to do with sufficiency of the evidence post-conviction is not relevant. We are not to assess whether the evidence would, as a matter of law, support a finding that, in fact, Allocca operated a vehicle while intoxicated beyond a reasonable doubt. We are, instead,

2

required to assess whether the evidence is sufficient under the far less rigorous standard applicable to probable cause determinations to support the administrative law judge's determination that probable cause existed for the purposes of transportation code section 724.042. In addition, we must make this assessment with the substantial-evidence standard of review in mind because the determination in the initial instance was made at the administrative level. Our review must also take into account that the administrative law judge's finding involved hearing testimony and weighing the credibility of the evidence, including the officer's report and the live testimony of Allocca.

The record reflects the following:

- Officer Williams was dispatched to investigate a report of a suspicious vehicle;

- When he got to the location of the report, he observed Allocca sitting in the driver's seat of his vehicle asleep;

- The vehicle's engine was running;

- Allocca was surprised to see officers at his window and he started screaming and banging on the window;

- Allocca told the officers that he was checking his oil pressure and that he also wanted the engine on to have air conditioning while he slept;

- The officers found 5 beers in Allocca's possession in the cab of his pickup truck;

- Allocca admitted to the officers during the encounter to drinking 2 or 3 beers;

- The officers' encounter with Allocca occurred at approximately 1:45 a.m.;

- Allocca failed field sobriety tests and concedes that he was intoxicated; and

3

- The administrative law judge heard Allocca testify regarding the encounter, and we are to presume made an assessment of his demeanor and credibility that would support the judge's finding of probable cause to believe that Allocca had operated his vehicle while intoxicated.

The weight to give these various pieces of evidence and the credibility to give to Allocca's testimony were discretionary calls for the administrative law judge. Whether this evidence would be sufficient to support a conviction for driving while intoxicated is not the question before us.[1] Our review is limited to a substantial-evidence review and the nature of such a review is well-settled:

> The substantial evidence standard of review does not allow a court to substitute its judgment for that of the agency. *See Charter Medical*, 665 S.W.2d at 452 (citing *Gerst v. Guardian Sav. & Loan Ass'n*, 434 S.W.2d 113, 115 (Tex. 1968)). The issue for the reviewing court is not whether the agency reached the correct conclusion, but rather whether there is some reasonable basis in the record for the action taken by the agency. *See City of El Paso v. Public Util. Comm'n*, 883 S.W.2d 179, 185 (Tex. 1994). Substantial evidence requires only more than a mere scintilla, and "the evidence on the record actually may preponderate against the decision of the agency and nonetheless amount to substantial evidence." *Charter Medical*, 665 S.W.2d at 452 (citing *Lewis v. Metropolitan Sav. & Loan Ass'n*, 550 S.W.2d 11, 13 (Tex. 1977)).

*Railroad Comm'n v. Torch Operating Co.*, 912 S.W.2d 790, 792-93 (Tex. 1995).

---

[1] While it is not the question before us, I am not persuaded that even if we were reviewing the sufficiency of the evidence to support a conviction for driving while intoxicated, the majority's analysis of the sufficiency issue is consistent with the Court of Criminal Appeals's decision in *Denton v. State*, 911 S.W.2d 388 (Tex. Crim. App. 1995), or the Fort Worth Court of Appeals's decision in *Dornbusch v. State*, 262 S.W.3d 432 (Tex. App.—Fort Worth 2008, no pet.). The only factual distinction between this case and *Denton v. State* is that the defendant in *Denton* revved the running engine. This does not strike me as a distinction that matters to the analysis of whether there is sufficient reason to believe the defendant "operated" the vehicle. The only factual distinction between this case and *Dornbusch v. State* is that the vehicle in which the defendant in *Dornbusch* was found had its headlights on when the officers discovered the defendant unconscious in the running vehicle. Once again, I do not see a distinction with this case that matters to the analysis.

In my view, there is certainly enough evidence here upon which the administrative law judge could reasonably have found that there was probable cause for the officer to believe that Allocca operated his vehicle while intoxicated. This is all that is required under section 724.042. Under the substantial-evidence standard of review, the courts are not allowed to make a reassessment of this evidence to decide it differently from the administrative law judge in the event that we disagree with his finding. If there is sufficient evidence under the substantial-evidence standard, we must affirm the administrative law judge's finding. Here, I believe there is more than sufficient evidence under that standard to support a finding by the administrative law judge of probable cause. I would affirm the administrative decision to suspend Allocca's license. Consequently, I would reverse the county court's judgment.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed:  November 13, 2009

5