02-09-315-CR















 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00315-CR

 

 


 
 
 BILL GUNTER
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

                                                                                                                             

------------

 

FROM CRIMINAL
 DISTRICT COURT NO. 2 OF TARRANT
COUNTY

 

------------

 

OPINION

 

------------

          In four points that challenge the
sufficiency of the evidence to convict him and the trial court’s alleged
failure to give a limiting instruction in the guilt-phase jury charge about an
extraneous offense, appellant Bill Gunter appeals his conviction for driving
while intoxicated (DWI).[1]  We affirm.

Background Facts

          In December 2008, Fort Worth Police
Department Officer Joshua Caprio received a call about a motorcycle accident
that had occurred near a gas station parking lot in Tarrant County.  When Officer Caprio arrived at the scene, he
saw appellant, who was alone, smelled like alcohol, had bloodshot eyes, and was
staggering while trying to pick up the motorcycle.  According to Officer Caprio, appellant said
that he had been at a bar called The Red Barn, that he had drunk four beers,
and that he was driving the motorcycle home before he hit a slick spot and
crashed.  Officer Caprio gave appellant a
horizontal-gaze-nystagmus test, which appellant failed by showing the maximum
amount of clues for intoxication. Officer Caprio arrested appellant.

          At the jail, appellant told Fort Worth
Police Department Officer Renee Frias that he had been drinking and driving
that day.  Appellant treated some of his bloody
scrapes and breathed twice into an intoxilyzer machine, which registered his alcohol
concentration at more than twice the legal limit.

          A grand jury indicted appellant for
DWI.  At trial, appellant pled not
guilty, but the jury found him guilty and assessed his punishment at fifteen years’
confinement.  Appellant filed his notice
of appeal.

Evidentiary Sufficiency

          In
reviewing the sufficiency of the evidence to support a conviction, we view all
of the evidence in the light most favorable to the prosecution to determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).[2]  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.

          The trier of fact is the sole judge of
the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing a sufficiency review, we
may not re-evaluate the weight and credibility of the evidence and substitute
our judgment for that of the factfinder.  Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must presume that the factfinder resolved
any conflicting inferences in favor of the prosecution and defer to that
resolution. Clayton, 235 S.W.3d at
778.

          In his first two points, appellant
contends that the evidence is insufficient to show that his DWI offense
occurred in Texas.[3]  Texas has jurisdiction over an offense if the
conduct comprising the offense occurs inside this state.  Tex. Penal Code Ann. § 1.04(a)(1) (Vernon 2003);
Torres v. State, 141 S.W.3d 645, 654
(Tex. App.—El Paso 2004, pet. ref’d); St.
Julian v. State, 132 S.W.3d 512, 515 (Tex. App.—Houston [1st Dist.] 2004,
pet. ref’d) (“The State may prosecute only those crimes that occur within or
directly affect the state.”).  “[J]urisdiction,
like any other requisite of an offense, can be proven circumstantially.”  Vaughn
v. State, 607 S.W.2d 914, 920 (Tex. Crim. App. [Panel Op.] 1980); see Walker v. State, 195 S.W.3d 250,
257–58 (Tex. App.—San Antonio 2006, no pet.) (“Walker’s house, where the
offense occurred, is . . . in Guadalupe County; . . . and Payne is the
constable for Precinct 3 in Guadalupe County and as such is a certified peace
officer for the State of Texas.  This
evidence is sufficient to meet the State’s burden.”); James v. State, 89 S.W.3d 86, 89 (Tex. App.—Corpus Christi 2002, no
pet.) (holding that evidence that the offense occurred in the city of Beaumont
and Jefferson County was sufficient to circumstantially establish jurisdiction
in Texas); Hewitt v. State, 734
S.W.2d 745, 747 (Tex. App.—Fort Worth 1987, pet. ref’d) (holding similarly).

          Officer Caprio testified that he works
for the Fort Worth Police Department, that he responded to an accident in
Tarrant County, and that he took appellant to the Tarrant County jail.  Officer Frias affirmed that he is a certified
peace officer in Texas and that he works for the Fort Worth Police
Department.  The jury also heard
testimony from a senior forensic chemist who works for the Tarrant County
Medical Examiner’s Office.  One of the
witnesses that appellant called said that he had lived in Tarrant County since
1993.  Another witness called by
appellant said that he lived on “McCullum Street in Fort Worth.”  Finally, the record does not contain any
evidence indicating that the offense occurred outside of Texas.

          Viewing the evidence in the light most
favorable to the verdict, we hold that these references and the other
references in the record to Fort Worth and Tarrant County comprise sufficient circumstantial
evidence for the jury to implicitly find that appellant’s DWI offense occurred
in Texas.  See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  Thus, we overrule appellant’s first two points.

          In appellant’s third point, he
contends that the evidence is insufficient to prove that he operated a motor
vehicle.  A person commits DWI when the
person “is intoxicated while operating a motor vehicle in a public place.”  Tex. Penal Code Ann. § 49.04(a).  The penal code does not define
“operating.”  See id.; Denton v. State, 911
S.W.2d 388, 389 (Tex. Crim. App. 1995).  “However,
the court of criminal appeals has held that, to find operation of a motor
vehicle, ‘the totality of the circumstances must demonstrate that the defendant
took action to affect the functioning of his vehicle that would enable the
vehicle’s use.’”  Dornbusch v. State, 262 S.W.3d 432, 436 (Tex. App.—Fort Worth 2008,
no pet.) (quoting Denton, 911 S.W.2d
at 390).  Thus, “any action that is more
than mere preparation toward operating the vehicle” qualifies as “operating” for
DWI.  Id.
at 436.

          Appellant presented evidence that, if believed
by the jury, would show that he did not operate the motorcycle.  Specifically, appellant called three witnesses
who collectively testified that appellant did not drive the motorcycle away
from The Red Barn on the day in question but instead got into Mitchell
McClendon’s blue truck before McClendon drove away from the bar while someone
else drove appellant’s motorcycle in front of the truck and eventually crashed
it.  Appellant’s witnesses said that
after the motorcycle crashed, appellant stayed with it while McClendon went to
get a motorcycle ramp.  According to
McClendon, while he was getting the ramp, the police arrived and saw appellant
near the motorcycle.

          The three witnesses’ testimony seems
to be supported by the testimony of Melissa Melon, an employee of a convenience
store located near where the police arrested appellant, and by Donna Ford, an
employee of The Red Barn.  Melon said
that while she was using the store’s register on the day in question, she noticed
a motorcycle in a street and saw three men trying to take it to a parking lot.  She said that after helping some customers,
she looked out of the store again and saw one of the men by himself.  Melon admitted that she did not know who had
been driving the motorcycle.

          Ford said that she saw appellant call someone
named “Mitchell or something to that effect” to pick him up from the bar and
that appellant was so drunk that he “wouldn’t have been able to get on that
bike without falling over on it.”  She
testified that there “would have been laughter” if appellant would have tried to
get on the motorcycle.

          However, in contrast to the testimony given
by the witnesses that appellant called, the State provided testimony from two
officers who said that appellant told them that he had been driving the motorcycle
home from the bar before he crashed it.  Officer
Frias also said that appellant’s arm was injured and looked like it had a “road
rash,” which supports the State’s theory that he crashed the motorcycle.

          In our sufficiency review, we must
defer to the jury’s resolution of conflicting evidence.  Clayton,
235 S.W.3d at 778.  Viewing the evidence in the light
most favorable to the verdict, we hold that a rational trier of fact could have
found that appellant operated a vehicle; the evidence is therefore sufficient
to support his conviction.  Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; Clayton, 235 S.W.3d at 778.  We overrule appellant’s third point.

Extraneous Offense Instruction

          In his fourth point, appellant argues
that the trial court erred by not giving a limiting instruction in its guilt-phase
jury charge about an extraneous offense. 
He alleges that during a conversation that was recorded by a video
taken from a camera in a patrol car, one officer told another officer that
appellant had an illegal knife.  Appellant
contends that “[e]ven absent an objection by Appellant’s counsel, the trial
court should have included a section in the jury charge instructing the jury
that they could consider the evidence of the extraneous offense only for a
limited purpose, and then only if they found the evidence beyond a reasonable
doubt.”

          However, the court of criminal appeals
has held,

[I]f a defendant does
not request a limiting instruction . . . at the time that evidence is admitted,
then the trial judge has no obligation to limit the use of that evidence later
in the jury charge.  This doctrine is a
sensible one because otherwise a jury might sit through most of a trial under
the mistaken belief that certain evidence is admissible for all purposes when,
in fact, it is not.  Once evidence has
been admitted without a limiting instruction, it is part of the general
evidence and may be used for all purposes. . . .  Taking the cases together, then, a limiting
instruction concerning the use of extraneous offense evidence should be
requested, and given, in the guilt-stage jury charge only if the defendant
requested a limiting instruction at the time the evidence was first admitted.

 

          . . . .

 

          . . .  Because the
trial judge had no duty to give any limiting instruction concerning the
use of an extraneous offense in the guilt-phase jury charge, it naturally
follows that he had no duty to instruct the jury on the burden of proof
concerning an extraneous offense.

 

Delgado v. State, 235 S.W.3d 244, 251, 254 (Tex. Crim. App. 2007) (footnotes and
citations omitted).  Based on Delgado, we have held that a defendant
forfeited his complaint on appeal about a lack of a limiting instruction in a
jury charge when the defendant did not request the instruction at the time that
the evidence was admitted.  Smith v. State, 316 S.W.3d 688, 700 (Tex.
App.—Fort Worth 2010, pet. ref’d); see Martin
v. State, 176 S.W.3d 887, 899 (Tex. App.—Fort Worth 2005, no pet.).

          Because
the evidence that contains the “illegal knife” comment—State’s Exhibit 2—was
admitted at trial without a request for a limiting instruction by appellant, we
hold, under Delgado, that appellant
has forfeited his complaint on appeal about the lack of such an instruction in
the guilt-phase jury charge.  See Delgado, 235 S.W.3d at 251,
254.  We overrule appellant’s fourth
point.

Conclusion

          Having
overruled all of appellant’s points, we affirm the trial court’s judgment.

          

                                                                             
 
 
 
 
 
 
 
 TERRIE LIVINGSTON

                                                                             
 
 
 CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

 

PUBLISH

 

DELIVERED:  October 21, 2010











[1]See Tex. Penal Code Ann. § 49.04 (Vernon 2003).  To enhance appellant’s punishment range,
appellant’s indictment alleged that he had three prior DWI convictions.  See id.
§ 49.09(b)(2) (Vernon Supp.
2010).





[2]After the briefing
and submission of this case, the court of criminal appeals held that there is
“no meaningful distinction between the . . . legal-sufficiency standard and the
. . . factual-sufficiency standard, and these two standards have become
indistinguishable.”  Brooks v. State, PD-0210-09, 2010 WL 3894613, at *8 (Tex. Crim.
App. Oct. 6, 2010).  Thus, the Jackson standard is the “only standard
that a reviewing court should apply in determining whether the evidence is
sufficient to support each element of a criminal offense that the State is
required to prove beyond a reasonable doubt.  All other cases to the contrary . . . are
overruled.”  Id. at *14.  Accordingly, we
apply the Jackson standard of review
to appellant’s sufficiency complaints.





[3]The
trial court’s charge instructed the jury that to convict appellant, it had to
find that he operated a motor vehicle while intoxicated in “Tarrant County,
Texas.”