ACCEPTED
01-15-00261-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/6/2015 3:30:28 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00261-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/6/2015 3:30:28 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIRST COURT OF APPEALS
## HOUSTON, TEXAS

**LAWRENCE FLOYD MILLER, III,**

*Appellant*,

**Vs.**

**THE STATE OF TEXAS,**

*Appellee*.

**Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 74039**

## BRIEF FOR THE APPELLEE, THE STATE OF TEXAS

JERI YENNE – BRAZORIA COUNTY
CRIMINAL DISTRICT ATTORNEY

Trey D. Picard
Assistant Criminal District Attorney
State Bar No. 24027742
111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax
treyp@brazoria-county.com

Attorney for the Appellee,
The State of Texas

**Oral argument is not requested.**

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**     Lawrence Floyd Miller, III

**Appellee:**     The State of Texas

**Attorney for the Appellant:**    Cary M. Faden
Attorney at Law
State Bar No. 06768725
77 Sugar Creek Center Blvd.
Suite 230
Sugar Land, Texas 77478
(281) 491-6182
(281) 491-0049 Fax
careyfaden@aol.com

**Attorney for the Appellant
at Trial:**    Von Shelton
Attorney at Law
State Bar No. 18211500
2038 East Mulberry St.
Angleton, Texas 77515
(979)849-2402
(979)849-8893 Fax

**Attorney for the Appellee
on Appeal:**    Trey D. Picard
State Bar No. 24027742
Assistant Criminal District Attorney
111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax

**Attorney for the Appellee at Trial:**

Robyn Griffith
State Bar No. 24012738
Assistant Criminal District Attorney
111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................... ii

TABLE OF CONTENTS................................................................ iv

INDEX OF AUTHORITIES ........................................................... v

ABBREVIATIONS FOR RECORD REFERENCES ................................. vi

STATEMENT OF THE CASE ....................................................... 1

ISSUES PRESENTED ................................................................ 2

STATEMENT OF FACTS .......................................................... 3

SUMMARY OF THE ARGUMENT .............................................. 6

ARGUMENT ......................................................................... 7

1) *The evidence is sufficient to show Appellant was the driver of the vehicle* ....................................................................... 7

2) *The trial court was within its discretion to allow a witness' in court identification of Appellant as the driver* ................................... 9

CONCLUSION..................................................................... 13

PRAYER............................................................................. 14

CERTIFICATE OF SERVICE ................................................... 15

CERTIFICATE OF RULE 9.4 COMPLIANCE ............................... 16

APPENDIX.......................................................................... 17

# INDEX OF AUTHORITIES

**Cases**

*Adames v. State*,
    353 S.W.3d 854 (Tex.Crim.App.2011) ................................................ 7

*Bartlett v. State*,
    270 S.W.3d 147 (Tex.Crim.App.2008) ................................................ 7

*Capello v. State*,
    775 S.W.2d 476 (Tex.App.—Austin 1989, pet. ref'd) ....................... 10

*Clayton v. State*,
    235 S.W.3d 772 (Tex.Crim.App.2007) ................................................ 7

*Denton v. State*,
    911 S.W.2d 388 (Tex.Crim.App.1995) ................................................ 8

*Garza v. State*,
    633 S.W.2d 508 (Tex.Crim.App.1982) (op. on reh'g) ....................... 10

*Jackson v. State*,
    657 S.W.2d 123 (Tex.Crim.App.1983) .............................................. 10

*Jackson v. Virginia*,
    443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) .......................... 7

*Kirsch v. State*,
    357 S.W.3d 645 (Tex.Crim.App.2012) ................................................ 8

*Loserth v. State*,
    963 S.W.2d 770 (Tex.Crim.App.1998) ........................................ 10, 11

*Manson v. Brathwaite,*
    432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) .......................... 10

*Neil v. Biggers*,
    409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) .......................... 10

*Williams v. State*,
    235 S.W.3d 742 (Tex.Crim.App.2007) ................................................... 7

**Statutes**

TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2011) ........................................ 8

TEX. PENAL CODE ANN. § 49.09(b) (Vernon 2011) ........................................ 8

# ABBREVIATIONS FOR RECORD REFERENCES

|   | Abbreviation | The Record |
|---|---|---|
| 1 | RR 2:532 | Reporter's Record, vol. 2, page 532. |
| 2 | CR 1:45 | Clerk's Record, vol. 1, page 45. |
| 3 | Ant. Br. 5 | Appellant's Brief, page 5. |
| 4 | Apx. Ex. 1 | State's Appendix, Exhibit 1. |
| 5 | RR 5: Sx. 1 | Reporter's Record, vol. 5, State's Exhibit 1 |

## STATEMENT OF THE CASE

A jury convicted Appellant, Lawrence Floyd Miller, III, of driving while intoxicated (DWI), third or more, and sentenced him to twenty years confinement and a $5,000.00 fine (CR 00071). Trial occurred in the 412th District Court for Brazoria County, Texas, the Hon. Ed Denman presiding.

# ISSUES PRESENTED

At issue is whether the evidence is sufficient to show Appellant was the driver of the vehicle, and whether the trial court was within its discretion to allow a witness's in court identification of Appellant as the driver of the vehicle, which Appellant claims was the product of an improper one-on-one police lineup.

## STATEMENT OF FACTS

At approximately 11:00 p.m. on May 4, 2014, Appellant's gray Chevrolet pickup truck collided with automobile driven by Arecely Macedo on Avenue A in Freeport, Texas (RR 4:19-20, 4:22-23). Macedo did not see the driver of the truck; however, one of the truck's tires was left behind as it drove away from the accident (RR 4:26-27). Bobby Robinette, a witness who lived near the scene and was outside of his home, heard a metallic grinding noise coming from the concrete street next to his residence (RR 4:33, 4:35). Turning to the source of the noise, he saw a gray pickup truck rolling down the street with one of its wheels missing—the rim scraping against the pavement (RR 4:36-37). Robinette saw the truck proceed down Avenue A and then turn into an adjoining alley (RR 4:37-38).

Robinette saw two individuals exit the truck when it came to a stop (RR 4:38). The passenger ran away without difficulty (RR 4:38-39). Robinette noticed that the driver, however, had some difficulty walking as he got out of the truck and tried to hobble away (RR 4:39-40). Robinette continued to watch the diver as he flagged down Officer Adam Soto with the Freeport Police Department, who was responding to the accident. Officer Soto had been notified that the truck involved in the collision had fled in a direction towards his location (RR 4:63, 4:65, 4:70).

3

When Officer Soto stopped, Robinette pointed out the truck and the driver who was leaning against a nearby fence (RR 4:43, 4:61-62, 4:72). Officer Soto saw a wrecked silver Chevrolet pickup truck in the alley, which was leaning to one side because one of its wheels was missing (RR 4:71). Officer Soto approached Appellant on foot and asked him if he was injured from the accident, but Appellant, who appeared to be intoxicated, gave no response (RR 4:73-74, 4:91-93) Officer Soto handcuffed Appellant and conducted a pat down search, during which he recovered a set of keys—one of which was fitted for that truck (RR 4:77). Robinette identified Appellant as the driver of the Chevrolet pickup truck, and Appellant was confirmed to be the registered owner (RR 4:43-45, 4:111, 4:117). Robinette also testified that during the investigation one of the officers brought Appellant over to him and asked, "is this the guy?" (RR 2:21, 4:50). But neither officer who responded to the scene said this occurred (RR 4:77, 4:79, 4:81, 4:105-06).

Officer Soto placed Appellant in the back of his patrol car until Officer Craig Graham—who specializes in intoxication related investigation—arrived on scene (RR 4:74, 4:97-98). When Officer Graham opened the door of the patrol car, he immediately noticed a very strong odor coming from Appellant (RR 4:99-100). He also observed Appellant had red, watery eyes and was agitated and uncooperative (RR 4:100). Officer

Graham testified that Appellant appeared to be extremely intoxicated, and that Appellant's speech was slurred to the extent his answers to questions were almost incomprehensible (RR 4:100-01). Officer Graham obtained a search warrant for Appellant's blood, and a specimen was collected at a nearby hospital (RR 4:101). Appellant became belligerent during the collection process and several officers had to hold him down (RR 4:102). Subsequent testing revealed Appellant's blood alcohol level was 0.286 grams per 100 milliliters (RR 4:145).

## SUMMARY OF THE ARGUMENT

Considering that a witness identified Appellant as the driver of the Chevrolet pickup truck, as well as the fact Appellant was its registered owner and a key to that vehicle was found on his person during a pat down search, the jury could have found beyond a reasonable doubt that Appellant was the driver or operator of the vehicle for purposes of DWI. Further, the trial court did not err by admitting Robinette's in-court identification of Appellant as the driver because Robinette's testimony shows his identification of Appellant was independent of—and not influenced by—any alleged one-on-one lineup.

**ARGUMENT**

1)  **The evidence is sufficient to show Appellant was the driver of the vehicle.**

When reviewing the sufficiency of the evidence, an appellate court views all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Adames v. State,* 353 S.W.3d 854, 859 (Tex.Crim.App.2011). The court's review of "all of the evidence" includes evidence that was properly and improperly admitted. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex.Crim.App.2007). Direct and circumstantial evidence are treated equally, and circumstantial evidence alone can be sufficient to establish guilt. *Id.*

The jury is also the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Bartlett v. State,* 270 S.W.3d 147, 150 (Tex.Crim.App.2008). A court of appeals may not re-evaluate the weight and credibility of the evidence or substitute its judgment for that of the jury. *Williams v. State,* 235 S.W.3d 742, 750 (Tex.Crim.App.2007); *see also Clayton,* 235 S.W.3d at 778 ("When the record supports conflicting inferences, [the court] presume[s] that the

7

factfinder resolved the conflicts in favor of the prosecution and therefore defer[s] to that determination.").

A person is guilty of DWI, third offense, if he (1) having been two times previously convicted of an offense related to the operation of a motor vehicle while intoxicated (2) is intoxicated (3) while operating a motor vehicle (4) in a public place. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (Vernon 2011). Appellant's sufficiency challenge in this appeal is limited to whether the State proved beyond a reasonable doubt he operated a motor vehicle—he does not challenge evidence supporting the jury's other findings that Appellant was intoxicated, or any other element of the offense.

The term "operating," as utilized in the Penal Code, is not defined. *See* TEX. PENAL CODE ANN. § 49.04(a); *see also Kirsch v. State,* 357 S.W.3d 645, 651 (Tex.Crim.App.2012). Therefore, in assessing the sufficiency of the evidence to prove that a defendant was "operating" a vehicle for purposes of DWI, a reviewing court looks to the totality of the circumstances, which must " 'demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use.' " *Kirsch,* 357 S.W.3d at 650–51 (quoting *Denton v. State,* 911 S.W.2d 388, 390 (Tex.Crim.App.1995)).

8

There is no dispute Appellant's silver Chevrolet pickup had just been involved in a hit and run auto accident, during which one of its tires had been torn off, and that his vehicle came to a stop in an alley near Robinette's home. He only claims he was not the driver and that the State's evidence does not indicate otherwise. However, Robinette saw Appellant exit the pickup truck from the driver's seat after it came to a stop in an alley (RR 4:39-40). Responding officers found keys to that vehicle in Appellant's pocket (RR 4:77). Appellant was also identified as the registered owner of that vehicle (RR 4:111, 4:117). Considering this evidence in the light most favorable to the verdict, the jury could have found beyond a reasonable doubt that Appellant was operating the vehicle in question, and his first issue should be overruled.

### 2) The trial court was within its discretion to allow Robinette's in-court identification of Appellant as the driver.

In his second issue, Appellant argues that the trial court erred in refusing to suppress Robinette's in-court identification of him because it derived from an improperly suggestive, one-on-one lineup occurring at the scene.[1] While often criticized as suggestive, however, one-on-one lineups do

---

[1] Neither of the investigating officers said the alleged one-on-one lineup took place. But because Robinette was the only witness to testify at the suppression hearing, and maintains that one of the officers brought Appellant over to him and asked if Appellant was the driver, the State's analysis assumes *arguendo* this event occurred.

not violate due process as a matter of law. *See Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Garza v. State,* 633 S.W.2d 508, 512 (Tex.Crim.App.1982) (op. on reh'g). The question is whether the suggestiveness inherent in the procedure was such as to give rise to a substantial likelihood of irreparable misidentification. *See Biggers,* 409 U.S. at 198-99, 93 S.Ct. at 381-82; *Jackson v. State,* 657 S.W.2d 123, 127 (Tex.Crim.App.1983); *Capello v. State,* 775 S.W.2d 476, 482 (Tex.App.—Austin 1989, pet. ref'd).

Five factors are considered to evaluate whether there was a substantial likelihood of irreparable misidentification: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *See Biggers,* 409 U.S. at 199, 93 S.Ct. at 411; *see also Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).

An appellate court will review the five *Biggers* factors, which are all issues of historical fact, deferentially in a light favorable to the trial court's ruling. *See Loserth v. State,* 963 S.W.2d 770, 773-74

10

(Tex.Crim.App.1998). The factors viewed in this light should then be weighed *de novo* against "the corrupting effect" of the suggestive pretrial identification procedure. *Id.* The reviewing court must also view the historical facts in a light most favorable to the court's ruling if the trial court does not make express findings of historical facts. *Id.* at 774.

In this case, Robinette saw Appellant exit the pickup truck shortly after it came to rest in an alley after being damaged in the collision with Macedo's vehicle (RR 2:8-9, 4:36-37, 4:39-40). According to the witness, the lineup occurred while Robinette was at the arrest location and had just seen Appellant get out of the driver's seat of the vehicle. Given the immediacy of Robinette's identification of Appellant at the scene, as well as the certainty with which Robinette was able to identify Appellant, both at the scene and in court (RR 2:11-12, 4:43-45) the record does not support a finding there was a substantial likelihood of misidentification resulting from a suggestive one-on-one lineup.

Under the "totality of the circumstances" the trial court did not err in admitting Robinette's in-court identification of Appellant by Robinette because of the alleged one-on-one lineup. Considered in conjunction with the historical facts in light of the *Biggers* factors, the record does not indicate there is a substantial likelihood of irreparable misidentification by

11

this witness. To the contrary, Robinette's identification of Appellant as the driver of the Chevrolet pickup was independent of—and not influenced by—any alleged one-on-one lineup. Therefore, the Court of Appeals should hold that the trial court did not abuse its discretion in admitting Robinette's identification of Appellant, and Appellant's second issue should be overruled.

## CONCLUSION

Viewing all of the evidence in the light most favorable to the verdict, the jury could have found beyond a reasonable doubt that Appellant operated a motor vehicle in a public place while he was intoxicated. Further, the trial court was within its discretion to allow Robinette's in court identification of the Appellant as the driver, since the purported one-on-one lineup was not so suggestive as to give rise to a substantial likelihood of misidentification. Accordingly, Appellant's issues on appeal should be overruled.

## PRAYER

For these reasons, the State asks the Court of Appeals to overrule the Appellant's issues on appeal and affirm the trial court's judgment.

Respectfully submitted,

/s/ Jeri Yenne

_____

Jeri Yenne
State Bar No. 04240950
Brazoria County Criminal District Attorney

/s/ Trey D. Picard

_____

Trey D. Picard
State Bar No. 24027742
Assistant Criminal District Attorney

111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax
treyp@brazoria-county.com

ATTORNEY FOR THE APPELLEE,
THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, which are listed below, on **July 6, 2015**:

Cary M. Faden
Attorney at Law
State Bar No. 06768725
77 Sugar Creek Center Blvd.
Suite 230
Sugar Land, Texas 77478
(281) 491-6182
(281) 491-0049 Fax
careyfaden@aol.com

**Attorney for the Appellant**

By:

☐ personal delivery

☐ mail

☐ commercial delivery service

☑ electronic delivery / fax

/s/ Trey D. Picard

_____

Trey D. Picard
Assistant Criminal District Attorney

15

**CERTIFICATE OF RULE 9.4 COMPLIANCE**

I certify that this electronically filed document complies with Rule 9.4 of the Texas Rules of Appellate Procedure and that the number of words is: **2,702.**

/s/ Trey D. Picard

_____

Trey D. Picard
Assistant Criminal District Attorney

16

# APPENDIX

No documents are attached.