**AFFIRM as modified; Opinion issued May 8, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01555-CR

### JEFFREY JOHN JOHN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-82249-2011**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Francis

A jury convicted Jeffrey John John of driving while intoxicated. In accordance with the plea agreement, the trial court assessed punishment at confinement in jail for 120 days, probated for fifteen months, and a $300 fine. In a single point of error, appellant contends the evidence is legally insufficient to support the jury's verdict. We modify the trial court's judgment and affirm as modified.

Neal Merchant, a volunteer with Frisco Citizens on Patrol, testified that on February 6, 2011 at 3:30 a.m., he saw a black Honda Accord stopped on the Dallas Parkway in the left lane. The vehicle's hazard lights were flashing and the car was running. Merchant could not see

whether anyone was inside the vehicle. Merchant notified police officers about the vehicle in the roadway.

Frisco police officer Wade Hornsby saw the black Honda sitting in the southbound left lane of the Dallas Parkway. The hazard lights were on, the motor was running, and a person was in the driver's seat. When Hornsby knocked on the window, the person inside the vehicle did not move. Hornsby radioed for a backup officer. The backup officer entered the vehicle through the passenger side and turned off the ignition. Hornsby tapped appellant on the shoulder and asked him to wake up. Once out of the vehicle, appellant was unsteady on his feet, had bloodshot eyes, and had the odor of an alcoholic beverage on his person. Appellant said he had consumed two Long Island Ice Tea drinks, and he stopped in the roadway because he "got tired and pulled over so he wouldn't hurt anybody." He also said he was sleepy and just had to stop. Hornsby, who is certified to administer field sobriety tests, asked appellant to perform three tests: the horizontal gaze nystagmus, the walk-and-turn, and the one-leg stand. After administering the field sobriety tests, Hornsby believed appellant did not have the normal use of his mental and physical faculties due to alcohol consumption. Hornsby arrested appellant for DWI.

Hornsby transported appellant to the detention center Intoxilyzer Room, where appellant provided two breath samples. Hornsby testified that during his interview with appellant in the Intoxilyzer Room, appellant said he had been at a restaurant-bar in Addison and dropped off a friend in Plano before he stopped the vehicle. The videotape of the traffic stop from the patrol car's camera was played to the jury.

Katie Scott, a certified breath test operator and technical supervisor, testified about the calibration and accuracy of the Intoxilyzer 5000 machine used to test alcohol concentration. Scott testified the legal limit for intoxication in Texas is having an alcohol concentration of .08

grams per 210 liters of breath. Appellant's two breath samples contained 0.111 grams and 0.116 grams per 210 liters.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The State was required to prove beyond a reasonable doubt that appellant was intoxicated while operating a motor vehicle in a public place. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012). "Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more of those substances or any other substance into the body. *See id*. § 49.01(2). A person "operates" a vehicle when the totality of the circumstances demonstrates that he took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use. *Kirsch v. State*, 357 S.W.3d 645, 650–51 (Tex. Crim. App. 2012). "Operate" is a common term that has not acquired a technical meaning and may be interpreted according to its common usage. *See Denton v. State*, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995). It is the jury's function to resolve any conflicts in the evidence, and the jury is free to accept or reject any and all of the evidence presented by either side. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

Appellant contends the evidence is legally insufficient to show he operated a motor vehicle. He says because he made no attempt to drive the vehicle after he was awakened by the police officer, and he took no action to affect the functioning of his vehicle in a manner that would enable the vehicle's use, the evidence was insufficient.

Appellant told Hornsby more than once that he drove the vehicle from Addison to Plano and had consumed two alcoholic drinks at a restaurant-bar in Addison. Hornsby testified appellant was found passed out in the driver's seat of a vehicle stopped in the roadway with the engine running. Appellant's breath samples taken in the Intoxilyzer Room were over the legal limit for alcohol concentration in Texas. Viewing the evidence under the proper standard, we conclude a rational trier of fact could find beyond a reasonable doubt that appellant operated a motor vehicle in a public place while being intoxicated. Thus, the evidence is sufficient to sustain the jury's verdict and appellant's conviction. *See Kuciemba v. State*, 310 S.W.3d 460, 462–63 (Tex. Crim. App. 2010). We overrule appellant's sole issue on appeal.

We note the trial court's judgment reflects that appellant pleaded guilty before the court, and the court found appellant guilty and rendered judgment. However, appellant pleaded not guilty before a jury, the jury found appellant guilty, and the trial court assessed punishment based on an agreement between appellant and the State. Thus, the trial court's judgment is incorrect. We modify the trial court's judgment to show appellant pleaded not guilty before a jury and the jury found appellant guilty. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

-4-

As modified, we affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47

121555F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEFFREY JOHN JOHN, Appellant

No. 05-12-01555-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law
No. 3 of Collin County, Texas (Tr.Ct.No.
003-82249-2011).
Opinion delivered by Justice Francis,
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** to reflect appellant entered a not guilty plea before a jury and the jury found appellant guilty.

We **ORDER** the trial court to enter a new judgment showing the case proceeded to a jury trial on appellant's not guilty plea.

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered May 8, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE