

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00269-CR

**BRIDGET RENEE SAFRIT,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the County Court at Law No. 2
### Ellis County, Texas
### Trial Court No. 2010386

## MEMORANDUM OPINION

Bridget Renee Safrit was convicted of Driving While Intoxicated and sentenced to 365 days in jail. *See* TEX. PENAL CODE § 49.09(d). The trial court suspended Safrit's sentence for 18 months and placed Safrit on community supervision. Because the evidence is sufficient to support her conviction, the trial court's judgment is affirmed.

In her sole issue on appeal, Safrit asserts the evidence is insufficient to support her conviction. Specifically, she asserts the evidence is insufficient to prove she "operated" a

motor vehicle.[1]

## STANDARD OF REVIEW

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

---

[1] Safrit presents her argument in terms of the *corpus delicti* rule. This rule only applies when corroborating a defendant's confession. *See Harrell v. State*, 620 S.W.3d 910, 914 (Tex. Crim. App. 2021). Because Safrit did not confess in the underlying case, the rule is inapplicable to the disposition of her appeal.

Although the Texas Penal Code does not define the term "operate," the Court of Criminal Appeals has explained that, in a sufficiency review, a person "operates" a vehicle when the totality of the circumstances demonstrate that the defendant took action to affect the functioning of a vehicle in a manner that would enable the vehicle's use. *Kirsch v. State*, 357 S.W.3d 645 (Tex. Crim. App. 2012); *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995) (sufficiency review). Further, evidence of flight shows a consciousness of guilt of the crime for which the defendant is on trial. *Bigby v. State*, 892 S.W.2d 864, 884 (Tex. Crim. App. 1994). *See Hammack v. State*, 622 S.W.3d 910, 918 n.33 (Tex. Crim. App. 2021).

**EVIDENCE**

In this case, an off-duty officer of the Midlothian Police Department was at home watching T.V. one February night when, after 11 p.m., he heard a loud crash outside, like "something hit something." He went outside and saw a white Chevy Tahoe SUV crashed into a concrete driveway culvert on the other side of the street. He approached the vehicle to see if the occupants were okay and saw one person, later identified as Safrit, sitting in the driver's seat, behind the steering wheel. As he approached, the door opened, and Safrit got out of the driver's seat of the vehicle. She was talking on a cell phone. She answered the officer's question that she was all right but did not respond when he asked if anyone else was in the vehicle. Safrit began to walk away from the vehicle and then started moving away more quickly. The officer did not try to stop Safrit because he was not on duty. He also had not identified himself as a police officer and did not conduct any investigation. After Safrit walked away, the officer called dispatch to report that a

driver had fled. The officer never saw anyone else get out of the car. Although he did not recall if the vehicle was running, he agreed that, because he could see that the headlights and taillights were on, the vehicle was, presumably, "on."

When on-duty officers arrived and examined the vehicle, it appeared to them that the vehicle had gone off the side of the road, hit a concrete culvert as part of a driveway, and then landed in a ditch on the other side of the driveway/culvert, just in front of a tree. The vehicle was badly damaged, to the extent that the front passenger wheel had been ripped off and the tire itself landed next to the vehicle in the driveway, and was unable to be driven. Multiple airbags, including the steering wheel and driver's side airbags, had deployed. The key to the vehicle was still in the ignition.

The vehicle was registered to a man with Safrit's last name. Inside the vehicle, it appeared the contents had been thrown around in the crash. A purse was in the driver's seat,[2] and keys were located in the ignition. A case or 12-pack of beer bottles was in the back floorboard, with half of the bottles missing. An open beer bottle was in the pouch on the back of the front passenger seat, an open bottle of vodka was on the back floorboard, and one unopened beer can was located inside the closed center console. The driver's seat was adjusted for a person of Safrit's height.

A responding officer found Safrit hiding either in a back yard or behind a brick wall in the backyard of a house on a street which was within walking distance of the crash

---

[2] The same witness who testified the purse was in the driver's seat also testified a few lines earlier that the exhibit about which he was testifying, State's Exhibit 14, documented the front passenger seat. It appears from the record that State's Exhibit 14 is a photograph of the front passenger seat and the purse is in that seat. There was no testimony that the purse was moved from the driver's seat to the passenger seat.

site. Safrit matched the description of the person the off-duty officer talked to at the scene of the crashed vehicle and who then walked away from the area. She was not compliant with the officer who located her. Her eyes were heavily bloodshot, red, and watery, and she had urinated on herself. She had visible injuries on her face which were consistent with an airbag deployment, including an abrasion on her forehead. The abrasion grew more visible and inflamed as she spoke to a sergeant of the DWI task force who came to assist in the investigation, leading him to believe that the injury had just occurred.

The sergeant arrested Safrit and took her to the police department where, the sergeant noticed, Safrit smelled of an intoxicating substance and her mannerisms were slow and lethargic. Safrit refused to perform any field sobriety exercises at the police department and refused a blood test. The sergeant then obtained a search warrant for Safrit's blood, which tested at 0.163 blood alcohol concentration.

**APPLICATION AND CONCLUSION**

After reviewing the evidence in the light most favorable to the verdict, the circumstantial evidence supports an inference that Safrit was "operating" the just-crashed vehicle. Further, her quick walk away from the off-duty officer combined with her discovery by the on-duty officer hiding on a neighboring street supports an inference of her guilt. Accordingly, the evidence is sufficient to support Safrit's conviction, and her sole issue is overruled.

The trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed June 6, 2024
Do not publish
[CR25]

